## PATTISON *vs.* TAYLOR and others.

In an action under the code a defendant can not, in his answer, set out all the evidence in the case, nor plead a mere presumption of a fact. Facts should be stated according to their legal effect.

Accordingly, *held,* that in an action to foreclose a mortgage, the defendants could not set up in their answer, a purchase of the mortgaged premises from the mortgagor without notice of the bond or mortgage, and a quiet possession claiming as owners, for more than twenty years before suit brought.

In such a case *payment* should be pleaded, and not the facts from which it is claimed the *presumption of payment* arises.

THIS was an action under the code, to foreclose a mortgage given with a bond to the plaintiff's assignor, by one Potter, in 1812, and recorded in that year. The bond was payable by installments, and the last payment became due about thirty years before suit. Some of the defendants answered, among other things, that Potter conveyed the land to the defendant Taylor over 30 years ago, and that Taylor had conveyed a part of it to the other defendants, who, with Taylor, purchased without actual knowledge of the bond or mortgage, and had been in peaceable possession claiming as owners over 20 years before

suit. The cause was tried, at the Washington circuit, by the court, without a jury.

*Hunt & Pattison,* for the plaintiffs.

*H. B. Northrup,* for the defendants.

HAND, J. In *Henderson* v. *Henderson,* (3 *Denio,* 314,) which was debt on a judgment, the plea was that the right of action accrued more than 20 years before suit. The court held that the plea should have been payment. That upon that issue the plaintiff would have had an opportunity to repel the presumption arising under the statute by lapse of time. (2 *R. S.* 301, § 46.)

The provisions of the revised statutes, and not those of the code, in relation to limitations by time, apply to this case. And by section 48, after the expiration of 20 years from the time a right of action shall accrue upon a valid instrument for the payment of money, such right shall be presumed to have been extinguished by payment; but that presumption may be repelled by proof of payment of part, or a written acknowledgment. This action, (now so called,) it is said, is to foreclose a mortgage, and is a proceeding in rem, and not upon a sealed instrument for the payment of money. The mortgage is merely security for the sum due on the bond, and is a means of enforcing payment thereof; and I think, in this respect, it comes within the same presumption. Upon a bill filed before the code, to foreclose a mortgage, Mr. Justice Parker held, that, where it appeared on the face of the bill that more than 20 years had elapsed, the defendant could not demur. (*Fellers* v. *Lee,* 2 *Barb. S. C. Rep.* 488.) He put it on the ground that this presumption was not a statute bar, but only a presumption of payment. And the authorities he cited, I think, sustain this view. (*And see Senator Maison's remarks in Miller* v. *Smith's Ex'rs,* 16 *Wend.* 443.) If the limitations prescribed by the code were applicable, the rule probably would be different; as it would seem, a statute bar is contemplated. (§§ 73, 74.) But it is unnecessary here to pass upon this point. In the principal

case, the answer does not seem to rely upon the lapse of time since the debt became due, so much as upon quiet possession of the land for 20 years, under subsequent conveyances. I do not see how this possession is important. It is not inconsistent with the mortgage, and only negatives any pretence that the mortgage has been satisfied by the rents and profits of the land. But as the complaint states when the bond was given and became due, this point upon the statute has been taken.

The pleadings in this case are under the code. That requires the statement of new matter, constituting a defence, to be in ordinary and concise language, so that a person of common understanding may know what is intended. This does not authorize a party to set out all the evidence in the case; nor to plead a mere presumption of a fact. Facts should be stated according to their legal effect. If the answer had been, that, from the lapse of time, the debt was presumed to be extinguished by payment, this would not have been triable as an issue of fact. It is payment, and not the presumptive evidence of payment, that is a bar, and should be pleaded. The statute only aids the defendant in his proof of payment. The defendant must interpose his defence; otherwise he waives it. At law, the plaintiff by alleging facts which are only evidence to take the case out of the statute of limitations, can not preclude the defendant from pleading the statute. That was so adjudged in *Hollis* v. *Palmer*, (2 *Bing. N. C.* 713.) Nor can the defendant call on the plaintiff to do so in advance, and anticipate a plea of the statute. Much less can he require him to anticipate the *prima facie* presumption of payment, and state matter to repel that presumption, in his complaint. He can not do this in equity, as we have seen, unless a statute bar appears on the part of the complainant. (*And see Watkins* v. *Stevens*, 4 *Barb. S. C. R.* 168.

A point was taken, that Potter was an infant when he gave the mortgage. There was no proof upon this point; but had there been, I am inclined to think that would have been a personal privilege. (*Hartness* v. *Thompson*, 5 *John. R.* 160.)

There must be judgment for the plaintiff.