THE NEW YORK LIFE INSURANCE AND TRUST COMPANY *vs.* COVERT and others.

A presumption of payment is not like an actual payment, which satisfies the debt as to all the debtors; it operates as a payment only in favor of the party entitled to the benefit of the presumption.

The presumption of payment of a mortgage, arising from the lapse of over twenty years from the time when the mortgage money became due, will not be repelled by proof of a payment made by the mortgagor after he has sold and conveyed the mortgaged premises to another person; so far as the purchaser, and those claiming under him, are concerned.

New York Life Insurance and Trust Co. *v.* Covert.

Where a party relies upon the presumption of payment, arising from lapse of time, the proper mode of making the defense is to allege payment, in his answer.

THIS was an appeal from a judgment entered at a special term. The action was for the foreclosure of a mortgage, given May 1, 1829, by William Cornell and wife to Daniel A. Amerman, and assigned by Amerman to John De Mott, May 7, 1831, and by the latter to the plaintiffs in August, 1832. It was assigned to the plaintiffs as collateral security to a bond for $10,000, given by De Mott to them. By sundry conveyances the mortgaged premises were now owned by the defendants, and they only were made parties to the suit. The mortgage, by its terms, was due and payable April 1, 1831. The last payment made by Cornell, the mortgagor, or any one in possession of the equity of redemption, was $420, on the 26th of May, 1830. Cornell conveyed the premises to B. Clay in 1837, and quit possession in 1838. After he had ceased to have any interest in the premises, he made a payment of $100 upon the mortgage on the 5th of November, 1841, and another of $200 on the 9th of December, 1841. The referee, to whom the cause was referred, found that the sum of $1716.42 was due to the plaintiffs upon the mortgage, and the court made a decree for the foreclosure of the mortgage and sale of the premises. From which decree the defendants appealed.

*Smith & Barto*, for the appellants. I. The defendants claim that, except as against Cornell, the mortgagor, who has made payments, the presumption of payment is absolute, and this mortgage cannot be collected from the land. The only remedy is by action on the bond, which Cornell has kept in life. (2 *R. S.* 301, § 48. *Van Keuren* v. *Parmelee*, 2 *Com.* 523.) After Cornell had sold the equity of redemption, he could do nothing whatever to affect it. In *Watson* v. *Spence* (20 *Wend.* 263,) it was held that the foreclosure of a mortgage against the mortgagor alone, after alienation by him,

was a nullity. He can do nothing which will affect the rights of the party holding the equity of redemption. (*See also* 2 *Powell on Mortgages*, 250, *Rands' ed.*) These defendants have never done any thing required by the statute to keep the mortgage alive as against them. Cornell's payments were not made with the knowledge, privity or consent of the defendants, and therefore only kept alive his bond debt.

II. The revised statutes have introduced no new principle. They have only made twenty years the time when the presumption of payment shall in all cases prevail. Before, it might be longer or shorter than that time, according to circumstances. The cases before the revision are therefore of as much authority on the main question as those decided since. In the case of *Jackson* v. *Wood*, (12 *John.* 242,) the presumption of payment was allowed to prevail. There the presumption was attempted to be rebutted, by showing that each of the owners of the equity of redemption had acknowledged the mortgage to be a subsisting incumbrance. That case proceeds upon the theory that the acknowledgments to rebut the presumption of payment must be made by the owner of the equity of redemption. This is in harmony with the rule which allows the admissions of a party owning real estate to be given in evidence whilst he is the owner, but rejecting them the moment his title and possession have ceased. (*See also Giles* v. *Baremore*, 5 *John. Ch. Rep.* 545.) In the case of *Park* v. *Peck*, (1 *Paige*, 478,) the chancellor held the presumption rebutted, because Peck, the purchaser, frequently recognized the mortgage as an existing incumbrance. In the case of *Heyer* v. *Pruyn*, (7 *id.* 465,) a subsequent purchaser was held bound by the notice to, and acknowledgment by, a prior owner of the equity of redemption while he was owner, or about to become so ; and the inference is very strong, that to make such acknowledgment binding, it must be by a party who, for the time being, has the right to redeem. In that case, at page 470, the chancellor says : " That where the per-

sonal liability of the mortgagor has been separated from the ownership of the land, a recovery against the mortgagor on his bond, after such separation, would not estop the owner of the land from showing that the mortgage was paid." Cornell's payments, in 1841, could have no greater effect than a recovery against him on his bond. In the case of *Hughes* v. *Edwards*, (9 *Wheaton*, 490,) it was held that the purchaser of the equity of redemption, with notice under the registry act, was bound by the written acknowledgments of the mortgagor; but the case does not show distinctly whether the conveyance of the equity of redemption was before or after the acknowledgments. The inference, however, is that the acknowledgments preceded the conveyance, being in the form of letters admitting the existence of the mortgage, and promising to make remittances. In *Dunham* v. *Minard*, (4 *Paige*, 443,) the chancellor speaks of the owner of the equity of redemption as holding adversely to the mortgage, when he has done nothing to recognize it. In *Richmond* v. *Ackin*, (25 *Verm. Rep.*) it was held that where the owner of a part of the equity of redemption made an acknowledgment of the mortgage, and subsequently became the purchaser of the whole, and then sold the whole to the defendant, the defendant was bound by the acknowledgment. The whole reasoning of the court proceeds upon the assumption that the acknowledgment must be made while the party making it owns the whole or a part of the equity of redemption. It must be made by a party bound to remove the burden of the mortgage, and whilst so bound.

III. The right is also barred by the provisions of the statute, with regard to the time within which an action must be brought, after a right of entry has accrued. (2 *R. S.* 293, § 7. 2 *John. Ch. Rep.* 135.)

IV. This is a statute of presumptions, not of limitations, and it was not necessary to plead it in bar. (*Giles* v. *Baremore*, 5 *John. Ch. Rep.* 545.)

New York Life Insurance and Trust Co. *v.* Covert.

*A. T. Knox*, for the respondent. I. The mortgage and bond were due April 1, 1831. The last payment made on them by Cornell, the mortgagor, was December 9, 1841. The action was commenced in 1853. So twenty years have not yet elapsed since the last payment.

II. The answer of the defendants does not take the objection that the action was not commenced within the time limited by statute. Such objection can be taken by answer only. (*Code*, § 74. *Lefferts* v. *Hollister*, 10 *How.* 383.)

III. The "exception" made by the defendants admits that the payment made by Cornell might revive the bond debt against him. A mortgage given with a bond is merely collateral to the latter; and when the statute has not run against the bond, it is absurd to say that it has against the mortgage. Besides, Covert and the other defendant (Cornell is not a party) are entire strangers to the bond and mortgage, and are made parties only because they have an interest in the premises sought to be foreclosed, subsequent to the execution of the mortgage. Hence, they are not in a condition to raise the objection that the statute has run.

IV. As to the question of fact found by the referee, we say: The proof is conclusive, parol and documentary, that the mortgage and bond were assigned to the plaintiffs with the knowledge of Cornell, the mortgagor, before the pretended payment by him to De Mott.

*By the Court*, T. R. STRONG, J. The revised statutes, (vol. 2, page 301, sec. 48,) provide, that "after the expiration of twenty years from the time a right of action shall accrue upon any sealed instrument, for the payment of money, such right shall be presumed to have been extinguished by payment; but such presumption may be repelled by proof of payment of some part, or by proof of a written acknowledgment of such right of action within that period." This provision is applicable to the present case; as the right of action on the mortgage had accrued, and existed, when the code, in reference to

the time of commencing actions, went into operation. (*Code,* § 73.)

The mortgage in question was executed by Cornell to Amerman on the 1st of May, 1829, and was payable in two equal annual instalments, with interest. Cornell executed a bond to Amerman, in connection with the mortgage. Amerman assigned the bond and mortgage to De Mott, on or before the 7th of May, 1831 ; and the latter, on the 1st of August, 1832, assigned the same to the plaintiffs. In 1837, Cornell conveyed the mortgaged premises to Clay, who conveyed the same to Cornelius V. Covert on the 31st of March, 1838 ; and the latter afterwards conveyed 98 acres of the premises to the defendant Sniffin, and to the defendant Isaac Covert about two acres. This action, the object of which is the foreclosure of the mortgage and the sale of the mortgaged premises, was commenced in August, 1853, the owners of the equity of redemption at that time, with their wives, only, being made parties defendants. The defendants, in their answer, set up as a defense, in substance, the payment of the bond and mortgage by Cornell to the plaintiffs. It is proved, that in addition to other payments previously, there was paid by Cornell to Amerman, on the 26th of May, 1830, $420 ; and that Cornell paid to the plaintiffs, November 5th, 1841, $100, and December 9th, the same year, $200.

More than twenty-three years had elapsed after the last payment by Cornell, while he owned the equity of redemption, before the commencement of the action ; and unless the payments made by him in November and December, 1841, after he had parted with his entire interest in the premises, repel the presumption of payment of the mortgage debt, not only as to him, but as to persons claiming under him, through a prior conveyance, the mortgage must, by the direction of the statute, be deemed paid and satisfied, and the defendants must prevail in the action.

It does not appear whether Cornell assumed to convey merely his equity of redemption, making the land primarily

liable for the payment of the incumbrance, or the entire title, undertaking himself to pay the mortgage ; if the former, after the conveyance, he was in equity, as obligor in the bond, a mere surety for the debt ; if the latter, the land was a mere security for the debt, and he was the principal debtor.

Such being the relation between Cornell and the defendants deriving title under him, it would seem to be inequitable and unjust to allow either, by any act or declaration, to affect the rights and interests of the others, in regard to the incumbrance, either by a written acknowledgment of the debt, or by part payment. If Cornell might thus bind the defendants, they might equally bind him in the same manner. Such an acknowledgment, or a partial payment, ought to be a waiver of the statute benefit, and renew the debt from that time, only as to the party making the acknowledgment or payment. There is no difficulty in allowing as to one party, under the statute, a presumption of payment, and refusing it to the others. A presumption of payment is not like an actual payment, which satisfies the debt as to all the debtors ; it operates as a payment only in favor of the party entitled to the benefit of the presumption. It may apply to the bond and not to the mortgage, or to the mortgage and not to the bond, according to circumstances. (*Heyer* v. *Pruyn,* 7 *Paige,* 465. *Park* v. *Peck,* 1 *id.* 477. *Jackson* v. *Wood,* 12 *John.* 242.)

The rule is now settled, that an acknowledgment and promise to pay a debt, or a payment, made by one of several partners after dissolution, or one of several joint and several debtors, will not revive or renew the debt against the others, in reference to the statute of limitations. (*Van Keuren* v. *Parmelee,* 2 *Com.* 524. *Shoemaker* v. *Benedict,* 1 *Kernan,* 176. *Winchell, ex'r,* v. *Hicks,* 18 *N. Y. Rep.* 558.) Neither is authorized, from the mere fact of being liable for the debt, to prevent the running of the statute, or take the debt out of the statute as to the other debtors. Want of authority is the ground on which the rule rests.

The same principle, I think, embraces the present case. Proof of payment of part, or of a written acknowledgment of the right of action, will repel the presumption of extinguishment by payment, only as to the party who has thereby recognized the existence of, and his obligation and willingness to pay, the debt. As to other parties, it will have no effect. This is the fair construction of the statute.

It was the proper mode of making a defense, under the statute in question, to allege payment. (*Henderson* v. *Henderson*, 3 *Denio*, 314. *Fellers* v. *See*, 2 *Barb. S. C. R.* 488. *Giles* v. *Baremore*, 5 *John. Ch.* 545. *Austin* v. *Tompkins*, 3 *Sand.* 22. *Pattison* v. *Taylor*, 8 *Barb.* 250.)

The judgment must be reversed, and a new trial granted; costs to abide the event.

CAYUGA GENERAL TERM, June 6, 1859. *T. R. Strong, E. Darwin Smith* and *Johnson*, Justices.]