## JOHN W. WHITE

### *v.*

## CHARLES W. SMITH.

1.  PROMISSORY NOTE—*payment must not depend on a contingency.*  To
constitute a valid promissory note, it must be payable at some time or
other, though it may be uncertain when that time will come.  When pay-
able on a contingency, it makes no difference that the contingency does,
in fact, happen afterward, on which the payment is to become absolute,
for its character as a promissory note can not depend upon future events,
but solely upon its character when executed.

2.  A written promise to pay a certain sum of money to a railroad
company, or order, in such installments and at such times as the direc-
tors of the company may, from time to time, assess or require, is a valid,
negotiable promissory note, being, in effect, payable on demand, or in
installments on demand.

WRIT OF ERROR to the Circuit Court of Piatt county ; the
Hon. C. B. SMITH, Judge, presiding.

Mr. S. R. REED, Mr. P. A. HAMILTON, and Mr. A. J. GAL-
LAGHER, for the plaintiff in error.

Mr. C. W. FAIRBANKS, Mr. G. W. GERE, and Mr. J. C.
BLACK, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action, brought by plaintiff below, as assignee,
upon the following instrument in writing :

"$50.00                   MONTICELLO, ILL., *April* 17, 1866.

For value received, I promise to pay to the Monticello Railroad Company, or order, the sum of $50, to be paid in such installments and at such times as the directors of said company may, from time to time, assess or require.

J. W. WHITE."

The declaration averred that the directors, on the 1st of June, 1866, made an assessment of five per cent, which was paid; on the 7th of May, 1867, another assessment of ten per cent, which was paid; on the 7th of January, 1868, another assessment of thirty-five per cent, of which there was notice to defendant, demand and refusal of payment; and that, on January 6, 1869, another assessment of fifty per cent was made, and like notice, demand and refusal of payment, the several assessments amounting to the whole sum of money in the instrument mentioned, and that afterwards the instrument was indorsed and assigned to the plaintiff.

The court below overruled a demurrer to the declaration and rendered judgment for the plaintiff.

The error assigned is, the overruling of the demurrer, and the question made is, whether the instrument in suit is a negotiable promissory note.

Plaintiff in error asserts it not to be, because, by its terms, it is uncertain whether the money will ever become payable or not; that the payment depended on an act to be performed by the directors, which act might never be performed by them, or that the railroad company, from some cause, might cease to exist before any assessment had been made by the directors.

The principle is undoubted, that, to constitute a valid promissory note, it must be for the payment of money which will certainly become due and payable one time or other, though it may be uncertain when that time will come. And where the payment depends upon a contingency, it will make no difference that the contingency does, in fact, happen afterwards,

on which the payment is to become absolute, for its character as a promissory note can not depend upon future events, but solely upon its character when created.

The instrument in question does, seemingly, depend for its payment upon a contingency. But there is a class of cases, says Judge Story, "which, at first view, seem to import that payment is to be made only upon the occurrence of events which may never happen, and yet which are uniformly held to be absolutely payable at all events. Thus, if a note be made payable at sight, or at ten days after sight, or in ten days after notice, or on request or on demand, in all these and the like cases the note will be held valid as a promissory note and payable at all events, although, in point of fact, the payee may die without ever having presented the note for sight, or without having given any notice to or made any request or demand upon the maker for payment. But the law, in all cases of this sort, deems the note to admit a present debt to be due to the payee, and payable absolutely and at all events, whenever or by whomsoever the note is presented for payment according to its purport." Story Prom. Notes, sec. 29.

We are inclined to hold that this instrument may be regarded as one falling under this class. The money here is payable to the company in such installments and at such times as its directors may from time to time require. The directors are the managing officers of the corporation, so that the money is really payable in such installments and at such times as the payee may require. It was, in effect, payable on demand, or in installments on demand. In the case of a note payable "on having twelve months' notice," it might be said that it was not certain that notice would ever be given. In reference to a note so payable "on having twelve months' notice," ABBOTT, C. J., in *Clayton* v. *Gosling*, 5 Barn. & Cresw. 360, said: "Nor is the time of payment contingent, in the strict sense of the expression, for that means a time which may or may not arrive. This note was made payable at a

23—77TH ILL.

time which we must suppose would arrive." The same, we think, with equal truth, may be said in respect to the present note.

We can not well distinguish, in principle, this case from the one of *Goshen Turnpike Co.* v. *Hurtin,* 9 Johns. 217. The promise there was, to pay the company $125 for five shares of the capital stock of the corporation, in such manner and proportion and at such time and place as the president, directors and company should from time to time require. It was held that the note was a good promissory note within the statute, the statute there, relative to promissory notes, being the same in substance as that of 3 and 4 Anne; that the note was payable absolutely, and not depending on any contingency; that it was, in effect, payable on demand. See, also, *Dutchess Cotton Manufactory* v. *Davis,* 14 Johns. 236.

We are disposed to hold that there was no error in overruling the demurrer, and the judgment will be affirmed.

*Judgment affirmed.*