Fisher v. Mayor of New York.

---

## FISHER v. MAYOR OF NEW YORK.

*Assessment — retention of unpaid assessment out of damages awarded for lands taken. Statute of limitation — lien of assessment. Pleading — payment.*

Where premises are taken for public streets, upon which there is at the time a valid lien for a previous assessment, lawfully imposed, and which may be enforced as a mortgage against the property, the lien attaches to damages awarded for the taking, and may be lawfully deducted therefrom.

In 1860 the premises of the plaintiff, in the city of New York, were taken by the city for a street. Out of the damages awarded, the city retained the amount of an assessment imposed in 1837. Between 1837 and 1860, the premises had been sold to pay the assessment, but on account of irregularity in the proceedings to sell, the sale had been canceled. *Held,* that the city was entitled to retain the amount of the assessment, and this right was not affected by the intermediate invalid sale. *Mayor of N. Y.* v. *Colgate,* 12 N. Y. 140.

*Held,* also, that the lien of the assessment was not affected or barred by any statute of limitation.

Plaintiff received the sum paid into court for damages, and seven years there-
after brought action to recover the amount retained to meet the assessment.
The answer set up the assessment, etc., and the reply did not aver payment.
*Held*, (1) that only a *prima facie* presumption of payment, which could be
rebutted, arose from the lapse of time, and plaintiff was deprived of the bene-
fit of that by a failure to plead it, and (2) that the acceptance of the money
paid and the delay in bringing the action were sufficient evidence of acquies-
cence to warrant the inference that such assessment was unpaid.

APPEAL by defendants from a judgment in favor of plaintiffs,
entered upon a verdict directed by the court.

The action was brought by Robert H. Fisher and others against
the Mayor, Aldermen and Commonalty of the city of New York to
recover a balance alleged to be due plaintiffs for damages awarded.

The facts proven on the trial are set forth in the case as follows:
In 1860 the defendants, being a municipal corporation, caused cer-
tain premises belonging to plaintiffs, numbered 47 on the damage
map in proceedings for the widening of Worth street on the south-
erly side, between Hudson and Baxter streets, in the city of New
York, to be taken for the purpose mentioned in the said proceed-
ings, by virtue of the statute in such case made and provided (Val-
entine's Digest, page 1193, § 178). The commissioners of esti-
mates awarded to "unknown owners" the sum of $13,800 for the
taking of the said lands as aforesaid.

The defendants, on or about April, 1862, paid into this court
the sum of $11,059.43, part of the said award, to the credit of
" unknown owners," which sum has been paid to the plaintiffs on
their application.

The defendants have neglected and refused to pay into this court
the sum of $2,740.57, the residue of the said sum of $13,800
awarded as aforesaid; and the defendants retain the said sum of
$2,740.57 for the purpose of satisfying an assessment of $990, which
was imposed on the said lands in 1837, for widening Center street,
in the said city, amounting, with interest at the time the said sum
of $11,059.43 was paid into court, to the sum of $2,740.57, which
assessment, at the time it was imposed, constituted a lien upon the
said land. The land was sold in 1838 for the collection of the said
assessment, in proceedings instituted by the defendants for that
purpose, to M. Dougherty, for the term of 165 years, for $1,115.34,
the amount of the said assessment and expenses. The said Dough-
erty assigned the certificate of the said sale, issued to him by the
defendants, to Leonard Fisher, December 24, 1840. Afterward,

between 1850 and May 14, 1852, the common council of said city, by resolution, ordered the money paid by said Dougherty as aforesaid to be refunded to him or his assignee, in consequence of irregularities in said sale, rendering the same invalid, and the certificate of sale was returned by Leonard Fisher to the comptroller of the city of New York, on the 14th day of May, 1852, and the money paid by Dougherty, namely, $1,115.34, together with interest thereon from the time of payment, was, on that day, refunded to Leonard Fisher. Said Leonard Fisher was then in possession of the said land, and owned a life estate therein under the will of his father. The plaintiffs at that time were the owners of an estate, in such land in remainder in fee under the said will, the plaintiffs (except the administrator of Oliver C. Hutchings) being the children of said Leonard Fisher.

The plaintiffs, at the time of the taking of the said lands by the defendants as aforesaid, were in possession thereof in fee, the said Leonard Fisher being then dead. Upon the record of said assessment, under the column headed "when and by whom redeemed," the following entry was written : "Assessment paid January 3, 1863, by the comptroller." The plaintiffs proved also that the demand of payment set forth in the complaint had been made upon the comptroller, and of the mayor, aldermen and commonalty and common council convened on the 20th day of August, 1869 ; and it was admitted that the action was commenced on the 22d day of December, 1869.

Upon these facts, the defendants' counsel moved to dismiss the complaint, which motion was denied, and defendants excepted. Defendants' counsel also moved that a verdict be directed for the defendants, which motion was denied, and exception duly taken. The court directed the verdict for the plaintiffs for the amount claimed, with interest, to which direction defendants' counsel duly excepted.

*E. Delafield Smith* and *D. J. Dean*, for appellants.

*Philip S. Crooke*, for respondents.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DAVIS, P. J. The plaintiffs seek in this action to recover the unpaid balance of the damages awarded for their lands taken by

the city for the purpose of widening Worth street. Their action is based upon the statutory right given by section 183 of chapter 86 of the laws of 1813, and it, of course, proceeds upon the assumption and concession that the proceedings in taking the lands and making the awards were irregular. Two defenses are interposed by the defendants. *First*, the statute of limitations ; *Second*, an assessment upon the same premises for the widening of Centre street, which, it is alleged, became a lien on the land on the 4th of January, 1837, and remained due and unpaid until the 24th day of April, 1862, at which time the sum of $2,740.57 was due thereon for principal and interest, from the plaintiffs to the defendants, and which sum was a lien on the said property of the plaintiffs and was retained from the said award in payment and satisfaction of the assessment.

In reply to the second defense, the plaintiffs put in issue the alleged assessment for the widening of Centre street and the lien thereof on the lands, and allege that the assessment was illegally imposed. They do not set up any statutory or other limitation to a right of action upon the assessment, nor do they allege payment thereof in the nature of a plea of payment. All that is set up on that subject is in connection with the alleged illegality of the assessment, and avers the repayment of the sum paid on the ground of such illegality.

From the facts shown at the trial as above set forth, it must be assumed that the assessment imposed in 1837, for widening Centre street, was regularly made, and at the time it was imposed constituted a lien upon the land. The nature and extent of this conceded lien is specially declared by section 223 of the act above cited (Laws of 1813, chapter 86), which provides that the assessment "shall be a lien or charge upon the houses and lots in respect to which such assessment shall have been made, and shall bear lawful interest until paid, and shall be entitled to a preference before all other incumbrances upon the same, and may be sued for and recovered with costs in like manner as if the said houses and lots were mortgaged to the mayor, aldermen and commonalty, for the payment thereof."

This statute has received a very clear and explicit construction by the Court of Appeals in *Mayor* v. *Colgate*, 12 N. Y. 140. That case disposes of several of the questions that arise in the present case. It settled that the intermediate invalid sale of the premises

for the assessment and the subsequent cancellation of the sale and return of the money to the purchaser, had no effect upon the lien of the assessment, or to prevent subsequent proceedings to collect the same by enforcing it, as in the nature of a mortgage. It also established that the statute of limitations requiring actions to be commenced within six years after the cause of action accrued (2 R. S. 296, § 18, subd. 1) did not apply to such assessments; and that the assessment was "to be considered as in effect a mortgage, as well in regard to the time of commencing an action upon it as in other respects " (per DENIO, J., p. 156), and therefore was subject to no law of limitation except the presumption of payment, which would not attach until after the expiration of twenty years. *Mayor* v. *Colgate, supra*, p. 156; *Heyer* v. *Pruyn*, 7 Paige, 465; 2 R. S. 301, § 48.

The limitation of twenty years for beginning action provided by the Code in 1848 (§ 70, Code of 1848) does not apply to causes of action which had then already accrued (Code, § 737), and the right of action for this assessment accrued in 1837. It seems quite clear under the statute and authority above cited that the assessment of 1837, for opening Center street, became a lien on the premises of plaintiff, which were afterward, in 1860, taken by defendant for the widening of Worth street, and that such lien remained undisposed of by the intermediate invalid sale until the taking of said premises for the purpose last mentioned, subject only to a presumption of payment arising from the lapse of more than twenty years. When the award of damages for taking the premises was complete, and in 1862 the defendants paid into court the full amount thereof less the assessment of 1837, and interest, claiming to retain the same to apply on such assessment. The plaintiffs took the money paid into court; and afterward in Decem- ber, 1869, commenced this suit for the amount so retained. If the presumption of payment of the lien had attached to the assessment before 1862 it was not conclusive, but as said by BRONSON, C. J., in *Henderson* v. *Henderson*, 3 Denio, 314, was "a *prima facie* presumption which may be repelled," etc. If the plaintiffs relied upon this presumption of payment they should have pleaded payment in their reply to the answer which sets up the assessment and lien, and avers the right to apply the moneys thereon.

It was held in *Henderson* v. *Henderson, supra*, and in *Pattison* v. *Taylor*, 8 Barb. 250, that the presumption of payment "must

be pleaded as payment," and that a plea of the statute of limitation was bad on demurrer. Instead of so pleading the plaintiffs put in issue the existence of the assessment and lien, and set up payment of the assessment in a particular manner and form which they failed to establish. It seems to us, therefore, that the court below should have held that the assessment and lien continued unpaid and in full force at the time the amount thereof was retained by the defendants. This, it will be recollected, was in April, 1862. Seven years and more elapsed before suit was brought for the amount retained; and this lapse of time was certainly strong evidence of acquiescence in the right of the defendants to discharge the lien by retaining the amount of the old assessment. It would have gone far toward rebutting a plea of payment founded on the lapse of time, for it is quite certain that an assent to the application of a part of the proceeds of lands to extinguish an outlawed lien, would be a complete answer to an action brought to recover the sum so applied; and such assent may well be inferred from the facts as they appeared in this case.

Where premises are taken for public streets upon which, at the time, there is a valid lien for a previous assessment lawfully imposed, and which may be enforced as a mortgage against the property, we see no good reason why the amount of such lien should not be regarded as attaching to the damages awarded for the taking of the premises, nor why the same may not be lawfully deducted from such damages. We are, therefore, of opinion that it was error to direct a verdict for the plaintiffs upon the facts proved.

It is not necessary to consider whether the statute of limitation was well pleaded by the defendants, for on the question already considered, it seems to us, that the judgment should be reversed and a new trial ordered, with costs to abide the event.

*Judgment reversed and new trial ordered.*