THE LAMAR INSURANCE COMPANY, for use, etc.

*v.*

JOHN D. MOORE.

1. SUBSCRIPTION—*not payable until called for in accordance with contract.* Where a subscriber of stock in an insurance company gives his note for eighty per cent of his subscription remaining unpaid, "on the call of the directors, as they might be instructed by the majority of the stockholders represented at any regular meeting," no action can be maintained thereon

in the name of the company without such call having first been made according to the contract.

2. STOCK NOTES—*liability thereon.* Where an insurance company becomes insolvent, and its effects are placed in the hands of a receiver, stock notes are nothing more than instruments, to be used in the same manner and for the same purpose as the capital stock can be used, and that is as an indemnity to be applied to the discharge of the liabilities of the corporation.

3. A stockholder in an insurance company is not legally bound to pay more of his subscription, or notes given therefor, than may be necessary to satisfy outstanding debts, when the corporation is insolvent and its effects are placed under the control of a receiver.

4. PLEADING—*declaration by receiver of insolvent corporation against stockholder.* Where suit is brought for the use of a receiver of an insolvent corporation, against a stockholder, to enforce payment of his subscription, or a note given therefor, no recovery can be had without an averment of the amount of the debts of the corporation. The receiver can recover no more than is sufficient to discharge the debts and liabilities of the corporation. The declaration should also show that the capital stock paid in has been exhausted.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. SHUFELDT & WESTOVER, for the appellant.

Mr. F. C. INGALLS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

In view of the averments in both counts of the plaintiff's declaration, we do not deem it necessary to determine the character of the instrument sued on—whether it be a negotiable promissory note, due on demand, or otherwise.

We are satisfied the organization of the corporation, and the subscription by the defendant for five shares of the capital stock, created a liability on his part to pay to the company the amount of his subscription. Such subscriptions make up the capital stock of such companies, and is a trust fund for the security of the creditors of the company. The true question is, to what extent, under the averments in the declaration, can this liability be enforced, the corporation being insolvent, and its assets in the hands of a receiver?

Appellant's counsel insist it can be enforced to the extent of the undertaking. He says the company is an insolvent corporation, and a receiver has been appointed; that this suit is for his use, and the proceeds are to be applied by him in payment of the debts of the corporation; that the note is an asset of the corporation. And, again, the defendant is a stockholder in the company; the note was given for capital stock, and represented it; the capital stock is pledged to those who deal with the corporation, for their security; the unpaid balance upon stock notes are as subject to collection as any other debts due the company, and he asks why they should not be collected and the creditors paid. The answer to all this is, such is not the contract the defendant entered into. He engaged to pay the eighty per cent of his subscription remaining unpaid, " on the call of the directors, as they might be instructed by the majority of the stockholders represented at any regular meeting." This action is not brought by the receiver, but by the Lamar Insurance Company—the corporation with whom defendant contracted, and before a recovery can be had the plaintiff must show the required call was made. *Banet* v. *Alton and Sangamon Railroad Co.* 13 Ill. 504.

Where an insurance corporation becomes insolvent, and its effects placed under the control of a receiver, stock notes are nothing more than instruments, to be used in the same manner and for the same purpose as the capital stock could be used, and that would be as an indemnity, to be applied to the discharge of the liabilities of the corporation. A stockholder in a corporation so placed, is not legally bound to pay more of his subscription than may be necessary to satisfy outstanding debts. Hence the necessity, in an action to enforce such a liability, the amount of those debts should be averred and proved. Suppose this insolvent corporation owed two hundred dollars only, would it be right to recover of the defendant twice that amount, one-half to be returned to him when the debt is paid, minus expenses, commissions, and other deductions?

When we consider the nature of insurance corporations, we

37—84TH ILL.

can well understand why subscriptions to their capital stock are made in the way this was made. They differ from banking, railroad and manufacturing companies, whose capital is necessarily invested in the active ·operations in which such corporations are engaged. Not so with insurance companies. The capital stock of such companies is not active, nor is it, as a general thing, used in their operations. Their contracts are contracts of indemnity, the premiums coming to them being so calculated and arranged as to meet its ordinary liabilities for losses. Stock in such companies is issued upon the payment of a small per cent, as in this case, the balance being subject to call to meet disasters.

This action is brought by the corporation for the use of the receiver. Why for his use? The answer is, that he may be able to pay outstanding debts of the corporation. He can only demand so much of a stockholder as his subscription amounts to, and only so much of that as may discharge the debt. In the absence of any averment in the declaration of the amount of debts due by this corporation, the plaintiff can not recover. Buchanan's judgment, and those of the other creditors who joined in the bill of complaint, may not have amounted to one hundred dollars. We can not know, as it is not averred. The bill was filed to discover assets of the corporation, and apply them to the payment of these judgments, hence the necessity of showing the amount of the judgments. It is not averred that the capital stock had been absorbed by losses, but only reduced and lessened. It follows, therefore, if the debts set out in the bill of complaint could be met and discharged by using the capital stock paid in, there was no necessity for this demand upon the defendant. Some allusion is made to the case of *White* v. *Smith*, 77 Ill. 351. In that case, regular calls had been made by the board of directors.

We are of opinion, this action brought by the company, a recovery can be had only on the terms of the subscription; and, further, that by the insolvency of the company, and a transfer of its assets to a receiver, a stock note, such as this,

can be enforced only to the extent of the deficit, and the declaration should show.

The judgment is affirmed.

*Judgment affirmed.*