## LEONARD F. E. JARVIS *vs.* CHARLES ALBRO.

### Hancock.    Decided August 9, 1877.

#### *Mortgage.*

A mortagee entering the mortgaged premises peaceably and openly under R. S., c. 90, § 3, must continue in the possession the three following years to effect a valid foreclosure.  c. 90, § 4.

The lapse of twenty years after a debt secured by a mortgage becomes payable is sufficient evidence of payment in the absence of any countervailing considerations.

This presumption of payment may be rebutted.

A lease from a mortgagee received by a mortgager more than twenty years after the maturity of the mortgage debt is not admissible to rebut the presumption of payment to affect the rights of a subsequent mortagee.

Where, in a writ of entry, both parties claim under different mortgages from the same grantor, *held,* that the evidence of the defendant that the mortgage and note, under which he claims, came into his hands as residuary legatee from six to ten years after the note was overdue, and that nothing had been paid on the note after he received it, with the production of the note and mortgage, is not sufficient to rebut the (twenty years') presumption of payment.

ON REPORT.

WRIT OF ENTRY, dated March 4, 1874, demanding a lot of land in Ellsworth containing about 150 rods.    No serious question was made as to the identity of the lot.    Both parties claimed under Joseph A. Deane.    The plaintiff claimed title from three sources.

1. Mortgage from Deane to Wm. Barker to secure a note of $275, March 25, 1842, who quitclaimed to Nathaniel A. Joy, April 10, 1845, who quitclaimed to George W. Brown, March 23, 1846, who quitclaimed to plaintiff July 18, 1848.

2. Mortgage from Deane to plaintiff November 7, 1849, to secure a note of $711.68, foreclosed June 28, 1859.

3. Judgment, plaintiff against Deane for the same premises, at the October term, S. J. C. 1868.

The defendant claimed title under a mortgage from Deane to one Cyrus Lothrop, March 4, 1844, to secure a note of $842.84, which was forclosed September 19, 1873.    Lothrop died May 20, 1854, leaving a will probated in Massachusetts, July 4, 1854, making the defendant his residuary legatee.    Administration was taken out in Maine.

The plaintiff put in evidence a certificate of the entry of Joy for foreclosure, dated September 23, 1845, under R. S., c. 90, § 3, third way: but Joy did not continue in possession three years.

The defendant, after putting in the mortgage and note under which he claimed, and the foreclosure, testified that on the death of Lothrop, he took possession of his property as devisee and executor; that he found the mortgage and note somewhere between 1854 and 1858; that he never received any money on the note; that he authorized Mr. Deane to put repairs upon the property; and also put in a lease of the premises from himself to Deane, dated August 1, 1870, containing the clause following: "Said premises having been forfeited to me in mortgage by said Deane."

Eugene Hale testified that he was counsel for Jarvis in the original suit by him against Deane on which the judgment was recovered; that a writ of possession issued December 21, 1868, and that he took possession for Jarvis in accordance with talk with Mr. Deane, went into the house and gave a lease to Amory Otis, son-in-law of Deane, dated February 5, 1869, and put into the case, and collected rent while he could and that he maintained possession of the premises from that time. Witness said: "I have a tenant there now who is paying rent to me as the agent of Mr. Jarvis."

Other facts appear in the opinion.

*E. Hale & L. A. Emery,* for the plaintiff.

*A. Wiswell & A. P. Wiswell,* for the defendant.

LIBBEY, J. To prove his title to the demanded premises, the demandant relies upon a mortgage deed from Joseph A. Deane to William Barker, dated March 24, 1842, recorded April 1, 1842, to secure the payment of a note signed by Deane and Moore, dated February 1, 1842, for $275, payable on demand with interest.

This mortgage was assigned by said Barker to Nathaniel A. Joy, April 10, 1845; by Joy to George W. Brown, March 23, 1846; and by Brown to the demandant, July 18, 1848. Said Joy made a peaceable entry upon the premises and took possession thereof for the purpose of foreclosure, September 23, 1845, in the presence of two witnesses who made affidavit thereof, which was recorded on the same day.

He also relies upon a mortgage deed of the demanded premises from said Deane to himself, dated Novembor 7, 1849, recorded November 9, 1849, to secure the payment of a note for $711.68, dated November 7, 1849, payable in four equal annual payments, with interest annually. On the 28th of June, 1859, the demandant caused a notice, in due form, of his claim to foreclose said mortgage, to be served on said Deane by the sheriff of the county, which notice and the officer's return thereon were recorded July 12, 1859.

He also relies upon a judgment in a writ of entry against said Deane for the demanded premises rendered by the supreme judicial court at the October term, 1868. On the 5th day of February, 1869, by virtue of said judgment, the demandant took possession of the premises and leased them to one Otis, who took possion thereof under the lease.

In support of his title the tenant relies upon a mortgage deed of the demanded premises from said Deane to Cyrus Lothrop, dated March 4, 1844, recorded March 20, 1844,to secure the payment of a note from said Deane to said Lothrop, of the same date as the mortgage, for $842.84, payable in four annual payments, with interest annually. The tenant acquired title to this mortgage and note as residuary legatee under the will of said Lothrop, probated July 4, 1854.

Both parties claim under Deane. Which has the better title? If the mortgage from Deane to Barker is still outstanding, it is admitted that the demandant must prevail. The demandant claims that it was duly foreclosed, and that he holds the title under it. The tenant claims that the attempted foreclosure was of no legal effe ct, and that the debt secured by it was paid and the mortgage discharged, November 7, 1849.

The proceedings of Joy, May 23, 1845, for the foreclosure of the Barker mortgage, were ineffectual for that purpose. The taking possession by him was merely formal. He did not retain it for three years thereafter. R. S. c. 90, § 4. *Chase* v. *Marston,* 66 Maine, 271. From the evidence we are satisfied that the debt secured by this mortgage was paid and the mortgage extinguished by the settlement between the demandant and Deane, November

7, 1849, when the new note and mortgage were given. The demandant has no title by virtue of the Barker mortgage.

But he has a good title by virtue of the mortgage from Deane to him of November 7, 1849, unless the tenant shows a better title. The tenant's mortgage was given March 4, 1844. The debt secured by it became fully due March 7, 1848. The mortgager remained in possession of the mortgaged premises for more than twenty years thereafter; and during that time there is no evidence that either the tenant or his devisor in any way asserted any claim under the mortgage; nor that the validity of the mortgage was in any way recognized by Deane, the mortgager. Upon these facts a presumption arises that the mortgage had been paid and ceased to be a subsisting title. This rule is so well settled that no citation of authorities is needed. But this presumption is not conclusive upon the tenant. He may rebut it by proof that the mortgage debt had not been paid, and that the mortgage had not been extinguished. The tenant claims that the evidence is sufficient to rebut this presumption. By the stipulation in the report we are to determine the rights of the parties on so much of the evidence as is admissible. One piece of evidence relied upon by the tenant is the lease from himself to Deane, dated August 1, 1870, which recognizes his mortgage as a subsisting title. This was more than twenty years after the maturity of the mortgage debt, and after the demandant's title had become absolute as against Deane. We think this evidence inadmissible. It was not competent for Deane, at that time, to affect the title of the demandant by his admissions. *New York Life Ins. and Trust Co.* v. *Covert*, 29 Barb. 435. The only evidence in the case to rebut the presumption of payment is the production of the mortgage and note, and the testimony of the tenant, that, as executor of the will of Lothrop he found the mortgage and note among Lothrop's papers sometime between 1854 and 1858; and that nothing had been paid him on the note since that time. We think this evidence is not sufficient to rebut the presumption of payment. The note was from six to ten years overdue when it came into the tenant's hands. He kept the note and mortgage from twelve to sixteen years after they came into his hands without asserting any claim

under them. There is no explanation of this long delay. For aught that appears the note may have been paid to Lothrop before his death. The tenant fails to show an existing title to the demanded premises. *Crooker* v. *Crooker*, 49 Maine, 416. *Cheever* v. *Perley*, 11 Allen, 584.

*Judgment for demandant.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.