## Great Western Telegraph Co., Use of, etc., v. Haight.

1. *Contracts of Subscription.*—Upon the execution of a contract of subscription for stock, mutual rights arise between the subscribers in their relation to each other, by reason of which  they are to reap the ben-efits, or share the burdens of the enterprise.

2. *Corporations—Subscription of Stock for the Purpose of Enabling the Corporation to Procure Other Subscriptions.*—Where a person sub-scribed to the capital stock of an incorporated company for the purpose of giving the agent for the company a start, and enabling him to procure other subscribers, *it was held,* that he held himself out as a stockholder, and authorized the agent to so represent him, and that he could not law-fully withdraw his subscription by reason of an agreed arrangement which he had with the agent for that purpose.

3. *Corporations—Liability of Stockholders—Canceled Subscriptions.* —The defendant signed a contract of subscription for 100 shares of the capital stock of the corporation, at the instance of the agent of the cor-

poration, soliciting subscriptions for the purpose of enabling the agent to obtain other subscriptions to the stock. It was agreed orally between the defendant and the agent, at the time, that he should have the privilege of erasing his name afterward, if he did not want the stock. After the agent had procured other subscriptions the defendant was permitted to erase his subscription according to the agreement. Some years afterward, the corporation becoming insolvent, a receiver was appointed, and suit was brought upon the subscriptions. *It was held*, that the receiver was entitled to recover the amount of the subscriptions, and that the arrangement between the defendant and the agent was in law a fraud upon the other subscribers.

**Memorandum.**—Action upon a contract of subscription. Pleas: General issue sworn to; statute limitations. Appeal from the Circuit Court of LaSalle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

### STATEMENT OF THE CASE.

This action was brought to recover an alleged subscription to the stock of the plaintiff, being 100 shares, and according to a decree of assessment rendered July 10, 1886, by the Circuit Court of Cook County, Illinois, in the case of Terwilliger et al. v. The Great Western Telegraph Co. et al., by which the stockholders of the plaintiff, including the defendant, were required to pay to it the sum of $8.75 upon each share of stock held by them, for the payment of the debts of the plaintiff.

APPELLANT'S BRIEF, THOMAS J. SUTHERLAND AND LESTER H. STRAWN, ATTORNEYS.

Whether the subscription had been given to lure others, or whether the defendant had an agreement with the agent to withdraw it at a later date, or whatever else he may have agreed with the agent, if he subscribed the contract, and others subscribed after him, with no notice that his subscription was invalid or conditional, he is bound, according to the written contract he signed, and subsequent cancellation by him will be without effect on his liability. This well-settled principle of the law rests upon equitable estoppel. No man in court shall be permitted to benefit by his

own wrongdoing. Independent of any alleged agreement with the agent, the defendant was bound to know that others would subscribe after him, possibly relying upon his name, and if he was allowed at a later date to withdraw, it would amount to a palpable fraud upon them. With or without an agreement with the agent in such a case, the application of the law is unchanged. 2 Beach on Priv. Corp., Sec. 538; Jewett v. Railway Co., 34 Ohio St. 601; White Mts. R. Co. v. Eastman, 34 N. H. 124; Blodgett v. Morrill, 20 Vt. 514; Jackson v. Duchaire, 3 T. R. 551; Conn. & Pass. R. R. Co. v. Bailey, 24 Vt. 476; East Tenn. & Va. R. R. Co. v. Gammon, 5 Sneed (Tenn.), 568; Kennebec & P. R. R. Co. v. Waters, 34 Me. 369; Chouteau Ins. Co. v. Floyd, 74 Mo. 286; Martin v. Pen. & G. R. Co. 8 Fla. 382; New Albany & S. R. R. Co. v. Fields, 10 Ind. 187; Anderson v. R. R. Co., 12 Ind. 376; Jewell v. Rock River Paper Co., 101 Ill. 66; Miller v. Hanover Junc. & Sus. R. R. Co., 87 Pa. St. 98.

An escrow is an obligatory writing, delivered by the party executing it to a third person, to be held by him until the performance of a specified condition by the ¦obligee, or the happening of a certain contingency, and thus to be delivered by the depositary to the obligee, when it becomes of full force and effect. 6 Am. and Eng. Enc. of Law, 857. It must be delivered to a stranger, and the condition mentioned. Raymond v. Smith, 5 Conn. 559.

The defense of want of consideration, or of failure of consideration, must be interposed on the part of defendant by special plea; and the burden of its support at the trial rests upon him. R. S. of Ill., Chap. 98, Sec. 9; Wilson v. King, 83 Ill. 236; Goodwin v. Goodwin, 65 Ill. 498–9.

### Appellee's Brief, Mayo & Widmer, Attorneys.

The criterion of the liability of the subscriber is, whether anything has been done by which the corporation could be forced to receive him as a member. Ang. & Ames on Corp., Sec. 527; Carlisle v. Saginaw, etc., R. R. Co., 27 Mich. 318; Nor. Cent. Mich. R. R. Co. v. Eslow, 40 Mich. 222.

An agent who solicits subscriptions may hold them in escrow. There is no such personal identity between a company and its officers as to prevent or preclude a delivery to the latter as an escrow. Cass v. Pittsburgh, etc., R. R. Co., 80 Pa. St. 31; So. Life Ins. Co. v. Cole, 4 Fla. 359; Bank v. Bailhache, 65 Cal. 327.

OPINION OF THE COURT, CARTWRIGHT, J.

This suit was brought by appellant against appellee to recover from him upon an alleged subscription for one hundred shares of stock of appellant. The declaration set out a contract of subscription, an assessment by the Circuit Court of Cook County, Illinois, in a proceeding in that court, against the plaintiff, of $8.75 on each share of stock not fully paid for, and a demand from defendant of the amount so assessed before bringing suit. The issues upon which the case was tried were made by pleas of the general issue, sworn to, and the statute of limitations of sixteen years. Plaintiff proved that defendant signed a contract of subscription for one hundred shares of the capital stock of plaintiff, contained in a subscription book prepared for numerous subscriptions, and ruled in columns for names and residences of subscribers, dates of subscriptions and numbers of shares, and delivered the same to the agent of plaintiff soliciting subscriptions. The subscription appeared to have been erased with pen and ink, and it appeared that about two weeks after the subscription was made, and after eight or ten other persons had subscribed for shares in the same book, following such subscription of defendant, he obtained from the agent the book and made the erasure. The book was then returned to the agent and passed to plaintiff, where it remained until a receiver was appointed, who took and has retained possession of it. The court permitted defendant, against the objection of plaintiff, to testify that the agent soliciting subscriptions applied to defendant to subscribe for stock, and after urging him to put his name down so that the agent could get a start and go to work in that town, it was orally agreed that defendant should have

Great Western Telegraph Co. v. Haight.

the privilege of afterward erasing his name, if he did not want the stock, and that the erasure was made in pursuance of such agreement. The defendant was a banker, and the influence of his example would doubtless be great in obtaining other subscriptions. The agent, while procuring subscriptions, made the bank a sort of headquarters, and, about the time of defendant's subscribing, arranged with him to act as agent in collecting assessments from the other subscribers, which he afterward did. The subscription being offered in evidence, together with the decree making the assessment and the demand, the court excluded the subscription and assessment, and admitted the demand. Thereupon the court directed the jury to return a verdict for defendant, which was done, and judgment was entered against plaintiff for costs.

We think that the action of the court was wrong. Upon the execution of contracts of subscription for stock mutual rights arise between the subscribers in their relation to each other, by virtue of which they are to reap the benefits or share the burdens of the enterprise. By his subscription, made for the purpose of giving the agent a start and enabling him to procure other subscriptions, the defendant held himself out as a stockholder, and authorized the agent to so represent him. The burdens of other stockholders would be increased by the withdrawal of his subscription, and the alleged secret arrangement for so doing was a fraud on them, of which defendant could not be permitted to avail himself.

In Melvin v. Lamar Ins. Co., 80 Ill. 446, where there was an agreement for such a withdrawal, the court said : "All subscriptions are presumably upon the same basis, and all shares entitled to the same benefits, and subject to the same burdens. In the subscription of each person, every other subscriber has a direct interest. There purported here to' have been a large amount of stock taken, whereas, in fact, there was really no stock taken—the issue of the shares to Cushman and Hardin being coupled with the right on their part to surrender them, and take back their money. Such

a private arrangement with an individual subscriber, al-though it may not be intended, is, in law, a fraud upon the other subscribers, and such agreement will be disre-garded, and the party be held bound to all the responsibil-ities of a *bona fide* subscriber. This is the doctrine, as we regard, abundantly established by judicial decisions."

The court there cite and comment on the cases of Blodgett v. Morrill, 20 Vt. 509; White Mountain R. R. Co. v. East-man, 34 N. H. 124; Robinson v. Pittsburgh and Connells-ville R. R. Co., 32 Penn. St. 334; Graff v. Pittsburgh and Steubenville R. R. Co., 31 Penn. St. 489; Stanhope's case, 1 Law Reports; 1 Chancery Appeals, 161; Minor v. The Bank of Alexandria, 1 Pet. 65; and other cases where the same doctrines are announced. In Jewell v. Rock River Paper Co., 101 Ill. 57, it is said to be well known, that in becoming a party to a stock subscription one is generally controlled, in a large degree, by the character of those who are, or who are expected to be identified with it, and it is held, that any artifice or trick, tending to mislead a sub-scriber in this respect, would be highly reprehensible in morals, as well as a legal fraud, and that to permit a sub-scriber to be exonerated by private understandings with the subscription agent, would be to sanction a palpable fraud upon creditors and other stockholders. In Corwith v. Culver, 69 Ill. 502, it was held that a secret condition at-tached to a subscription would be a fraud upon the other subscribers, and the subscription should be enforced without regard to it. See also Foy v. Blackstone, 31 Ill. 538; G. & S. W. R. R. Co. v. Ennor, 116 Ill. 55.

The subscription of the defendant was unconditional in its terms, and there was no notice to other subscribers that he had a privilege of withdrawal. Each other subscriber had a direct interest in his subscription, and a right to have it remain as it was when such other subscriber saw it, for the purpose of bearing future burdens, for which the assess-ment has since been made. A defense consisting merely of a fraud against those rights should not prevail. 1 Mora-wetz on Private Corporations, Sec. 303.

It was argued that the subscription was not delivered to the plaintiff until after the erasure, and therefore was never an executed contract of subscription, and this upon the ground that it remained in the hands of the subscription agent until after the erasure. The evidence shows that he was the agent of the plaintiff, to solicit and receive subscriptions to stock, and the delivery to him was a delivery to plaintiff. The fact that he consented to and participated in the attempted fraud, by returning the book for the purpose of erasure, can make no difference.

It is also contended that it was incumbent on plaintiff to prove that at the time defendant's subscription was made, it had stock to dispose of which might be subscribed for, and that the presumption under its charter was that it had not, and therefore there was no consideration for the subscription. The question of want of consideration was not made an issue by the pleadings, and was not before the court. A contract of subscription like this has been held to be a promissory note. White v. Smith, 77 Ill. 351; Goshen Turnpike Co. v. Hurtin, 9 Johns. 217. A want of consideration should have been pleaded, if it was sought to raise that question.

The judgment will be reversed and the cause remanded.