## David Luther v. Sarah L. Crawford, et al., Executors, etc.

### Gen. No. 11,507.

1. PROMISSORY NOTE—*particular instrument held to be.* An instrument as follows : " May 17, 1865. Deposited with me by David Luther, eight hundred dollars in cash, and three hundred dollars in Yorktown bonds, to be delivered on call. A. Crawford,"—held a promissory note and governed by the rules pertaining to such instruments.

2. STATUTE OF LIMITATIONS—*when, bars action upon particular instrument.* The instrument set forth in the preceding paragraph, being a demand note upon which suit might be brought at any time without other demand than the commencement of a suit thereon, is barred by the ten-year statute.

3. PRESUMPTION OF PAYMENT—*when, arises by lapse of time.* Irrespective of the Statute of Limitations, there is a presumption of law that a debt due and unclaimed and unrecognized for more than twenty years, has, in some way, been extinguished. This presumption, however, is not conclusive, but it gathers strength with each year that is added to the first twenty, and the strength of the evidence that will overcome it must be correspondingly increased.

4. PRESUMPTION OF PAYMENT—*effect of, which arises from lapse of time.* The legal effect of this presumption is to shift the burden of proof, or rather to add to the burden of proof resting upon the creditor. To rebut the presumption he must not only produce the evidence of indebtedness, or satisfactorily account for its absence, but he must also introduce evidence which will convince the court or jury that the debt is still unpaid.

5. PROPOSITIONS OF LAW—*no part of common-law record.* Propositions of law are not a part of the common-law record, and if not incorporated in the bill of exceptions, will not be reviewed upon appeal.

Contested claim in court of probate. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed October 10, 1904.

JAMES A. STEVEN, for appellant; HARRY A. REHERD, of counsel.

FRANK P. GRAVES, for appellees.

MR. JUSTICE BALL delivered the opinion of the court.

Appellant and Andrew Crawford, deceased, lived at Gen-

eseo, in Henry county, Illinois, from some time prior to 1865 to 1873. Appellant was a well-to-do farmer and Crawford was a lawyer and president of a bank located in that town. The two were friends, having business dealings with each other to some extent. In 1873 Crawford removed to Chicago, where he continued to reside until his death in 1900. After he came to this city Crawford visited Geneseo from time to time. He is shown to have been a careful business man who kept regular books of account, and at all times, from 1865 to the date of his death, was a rich man.

In February, 1865, the township of Yorktown, in Henry county, issued soldiers' bounty bonds to the amount of $4,200, payable in 1870, with interest at the rate of ten per cent per annum. These bonds were some of the denomination of $50 and some of $100. They were issued to seven accepted recruits, who were credited upon the quota due from that township. Each bond was made payable to the order of the soldier to whom it was issued. All of these bonds were paid in full not later than 1872.

In 1865 Crawford signed and delivered to appellant the following instrument:

"MAY 17th, 1865.

Deposited with me by David Luther eight hundred dollars in cash and three hundred dollars in Yorktown bonds, to be delivered on call.        A. CRAWFORD."

From its date until after the death of Crawford this paper has no history. In February, 1901, appellant presented it to the Probate Court of Cook county, in which court the estate of Andrew Crawford was then pending, as a just and unpaid claim against said estate. That court in April, 1902, allowed the claim for the sum of $1,160, as of class seven, and ordered it to be paid in the due course of administration. From this order an appeal was perfected by appellees to the Circuit Court of Cook county. In the last named tribunal the case was heard by the court without a jury, and judgment was rendered in favor of appellees, disallowing the claim. From this judgment appellant perfected this appeal.

Upon the hearing appellant proved the signature to the paper to be that of Andrew Crawford, and then put the paper in evidence. He also showed that all of the Yorktown bonds were paid in full before 1873, and rested. There is no affirmative evidence, other than the production of this paper, tending to show that the contract evidenced thereby has not been performed by Crawford, or that at any time during its existence Crawford had recognized it as an outstanding obligation. The evidence of indebtedness in this case, even if it be called a certificate of deposit, is in effect a promissory note, and is governed by the same rules. Sec. 3, ch. 98, Hurd's R. S. 1903; Bilderback v. Burlingame, 27 Ill. 338; Hunt v. Divine, 37 Ill. 137; Telford v. Patton, 144 Ill. 611. The money and bonds mentioned therein were to be delivered to appellant "upon call," that is, on demand. This phrase does not make the time of payment uncertain. White v. Smith, 77 Ill. 351. It was due and payable from and after its date. Suit might have been brought upon it without demand, since suit is a demand. Hunt v. Divine, *supra;* Arnold v. Bournique, 144 Ill. 139. The Statute of Limitations, therefore, commenced to run from its date. Curran v. Witter, 68 Wis. 16, and cases cited. There is no uncertainty as to the amount due; it is $800 in money and " three hundred dollars in Yorktown bonds." If it be said that these words refer to the face value of the bonds, and not to their market value, such market value is fixed by one of the witnesses called by appellant, who swears that these bonds were paid in full with interest at the rate of ten per cent per annum at or shortly after their maturity in 1870.

Regardless of the Statute of Limitations, there is a presumption of law that a debt, due and unclaimed and unrecognized for more than twenty years, has been in some way extinguished. This rule is one of public convenience. It arises out of a reasonable regard for the peace and the security of society, and from a consideration of the brevity of human life, and the almost certain disappearance of vouchers and other evidences of payment after the lapse

of so great a period of time. This presumption applies to all evidences of indebtedness, however solemn in form. It is not a conclusive presumption, but it gathers strength with each year that is added to the first twenty years; and the strength of the evidence that will overcome it must be correspondingly increased.

Each case must stand upon its own facts and circumstances. Where the creditor is an experienced business man and the debtor during all the period of delay has been amply able to liquidate the debt, and the parties for years after giving the evidence of indebtedness are neighbors, the presumption is strengthened. In this case for thirty-five years appellant and Crawford lived either in the same town, or within one-half day's ride of each other; they were business friends, and Crawford was a man of ample means; yet for more than a generation appellant elects not to enforce this alleged claim, and remains inactive until death has closed the lips of his supposed debtor. These facts show the justice and equity out of which this presumption grew. The legal effect of this presumption is to shift the burden of proof or rather to add to the burden of proof resting upon the creditor. To rebut the presumption he must not only produce the evidence of indebtedness, or satisfactorily account for its absence, but he must also introduce evidence which will convince the court or jury that the debt is still unpaid. 1 Jones on Ev., sec. 66. "As statutes of limitation were from time to time enacted, judges, both in the courts of law and chancery, by a kind of judicial legislation gradually extended the principles involved in such statutes by analogy to cases which, though not within the letter, were yet within the spirit of the law. * * * These and other considerations have led to a long line of decisions establishing the rule that, independently of any statute of limitations, a debt, which has been due and unclaimed and without recognition or the payment of interest for twenty years after becoming due, has been paid." 1 Jones on Ev., sec. 62, and cases cited in notes. Where the mortgagor remained

in possession of the mortgaged premises for more than twenty years after the execution of the mortgage, and during that time there was no evidence that the mortgagee asserted any claim under the mortgage, nor that its validity was in any way recognized by the mortgagor, the court say : " Upon these facts a presumption arises that the mortgage has been paid, and ceased to be a subsisting title. The rule is so well settled that no citation of authority is needed. But this presumption is not conclusive upon the mortgagee. He may rebut it by proof that the mortgage debt had not been paid, and that the mortgage had not been extinguished." Jarvis v. Albro, 67 Me. 310. See, also, Baent v. Kennicutt, 57 Mich. 268; Tripe v. Marcy, 39 N. H. 439; Delaney v. Brunette, 62 Wis. 615; Alston v. Hawkins, 105 N. C. 3; Van Loon v. Smith, 103 Pa. St. 238. The time during which for any valid reason the creditor had no legal right to bring suit upon the note, bond, or other evidence of indebtedness, is excluded in the computation of the lapse of the twenty years. Criss v. Criss, 28 W. Va. 388. This presumption is applied to the payment of legacies, where no demand is made by the legatee, and the executor has not recognized the right within the period of twenty years after the legacy became payable. Hooper v. Howell, 52 Ga. 315; O'Brien v. Holland, 3 Blackf. 490; Ragland v. Morton, 41 Ala. 344. Other illustrations of the application of this rule might be given, but enough has been stated to show that under the facts of this case there can be no recovery by appellant.

If the trial court in passing upon the propositions of law committed error, a thing we are far from assuming, we cannot correct that error, for the reason that such propositions are not found in the bill of exceptions, but are certified up by the clerk of the Circuit Court as a part of the common-law record.

The judgment of the Circuit Court is affirmed.

*Affirmed.*