## Lake Street Elevated R. Co. v. Adelia L. Brooks.

90  173
100  4841

1. PLEADING—*Demurrer Expressed to be to Each Count etc.*—A demurrer is a single pleading, but when expressed to be to each count of a declaration it is in effect as if a separate demurrer had been filed to each count.

2. PRACTICE—*Entering Judgment on Overruling a Demurrer.*— Where a demurrer to each count of a declaration is overruled and the defendant elects to abide by his demurrer and judgment is entered generally in consequence, if any count of the declaration is insufficient in substance, the judgment can not be sustained, for the reason that it can not be known that damages were not assessed upon the insufficient count.

3. DAMNUM ABSQUE INJURIA—*Obstruction of Streets.*—An obstruction in a public street, if it does not practically affect the use or enjoyment of the neighboring property and thereby impair its value, is *absque injuria* and no action will lie.

4. RAILROADS—*Unusual Vibrations of Buildings—Special Damages.*—Any unusual vibration of a building fronting on a public street by the operation of a railroad in the street which causes substantial damage to the property so that its market value is thereby decreased, is actionable.

**Action on the Case.**—Appeal from the Circuit Court of Cook County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed July 5, 1900.

**Statement.**—October 22, 1897, appellee commenced an action on the case against the appellant, and December 20, 1897, filed her declaration, to which the appellant demurred. The court overruled the demurrer and appellant pleaded the general issue. The declaration, in our opinion, stated a good cause of action, but for some reason, not apparent from the record, an amended declaration was filed March 2, 1900. The overruled declaration consists of three counts, and is, in substance, as follows:

First count alleges that at the time of the committing of. the grievances hereinafter mentioned the plaintiff was and for a long time theretofore had been and still is the owner of the east half of lot 12, block 5, Union Park Second Ad-

dition to Chicago, being in section 8, township 39 north, range 14, east of the third principal meridian, situated in the county of Cook and State of Illinois, which was at the time of the committing of the grievances hereinafter mentioned of the value of $15,000, upon which real estate there was erected, prior to the committing of the grievances hereinafter mentioned, a three story brick and stone building which has ever since been occupied by the plaintiff and her tenants for stores and apartments. Sets forth that the front of said building is on the northerly line of West Lake street in the city of Chicago, extending fifty feet along said street and 100 feet north thereof, which said street is known in the west division of said city as West Lake street, and in the south division of said city as East Lake street; that said street begins at a street in the south division of the city of Chicago called Central Court, running thence westerly through said south division of said city over the Chicago river, and through the west division of the city of Chicago to a street known as Fifty-second avenue; that said Lake street has been used and occupied and traveled as a public street and highway for the passage of pedestrians, teams and vehicles for over fifty years; that it is of a width of eight feet for its entire length, and upon either side thereof is located and established and built a sidewalk of the width of sixteen feet, at the outer edge of which said sidewalk there was and has been established for a great many years a curb line, leaving a roadway for the passage of teams and vehicles, of forty-eight feet; that said city of Chicago is a city of over 2,000,000 inhabitants; that abutting upon said street in the south division of the city of Chicago, are large wholesale and retail houses, and upon said street in the west division of the city of Chicago, east of a street known as Halsted street, are located many manufacturing establishments and stores, and that between said Halsted street and Fifty-second avenue the property abutting upon said street is occupied by buildings for its entire length, devoted generally, the first floor thereof, for store purposes, and the upper floors to apartments for residence purposes; that there

is, and has been for many years, a large trade and business conducted and carried on upon said Lake street, calling to said street large numbers of vehicles, wagons, teams, buggies and carriages of various sorts and kinds, and said street is largely used by pedestrians passing to and fro upon said street, and has been for many years last past; that said street extends westerly from Fifty-second avenue through the town of Cicero, the villages of River Forest and Maywood, and through the town of Proviso, to the county line between Cook and DuPage counties, and thence from said county line in a westerly and northwesterly direction through DuPage county to Kane county, Illinois, and through Kane county to a city known as the city of Elgin, Illinois, passing through various cities, towns and villages between said Fifty-second avenue and said city of Elgin; that upon Lake street between Wabash avenue and Fifty-second avenue, there is and has been for many years, to wit, twenty years, located and used upon the central sixteen feet thereof, two street car tracks, used for the passage of street cars upon, along and over said roadway of said street, which said roadway is paved for its entire length from said Central Court to said Fifty-second avenue, and that many people pass to and fro upon said street by means of said street cars daily, and said street was and is greatly crowded.

Alleges that prior to the committing of the grievances hereinafter mentioned, there was and ought to have been continued forever, convenient, free, public and uninterrupted and unobstructed means of ingress and egress to and from the said premises of the plaintiff by means of said West Lake street, and uninterrupted communication between the above described premises and said West Lake street, which said free, public, uninterrupted and unobstructed means of ingress and egress and uninterrupted communication were necessary to the use of said premises, and of great and special benefit to the plaintiff, and an element of great value in said premises, and said street was in every part thereof accessible and of great value and benefit to said premises, and used in connection therewith and every part

thereof.   Plaintiff alleges that she was legally entitled to have said street kept opened and maintained for the whole width thereof in front of her premises, and was entitled to the free and uninterrupted access thereto and therefrom by means of said public street.

Yet the defendant, not regarding its duty in that behalf, and contriving and wrongfully intending to injure the plaintiff in the use, occupation and enjoyment of said building and premises, and the appurtenances thereto, and to render the same unfit for the purposes for which the said premises were intended, and for which they might be used, and while the plaintiff was so possessed thereof and using the same in the manner aforesaid, did during the years 1892, 1893 and 1894, in the county aforesaid, build, or cause to be built a structure in, along and upon said street, for the purpose of operating thereon two railroad tracks, which said structure was built along and upon the entire length of said Lake street between Wabash avenue and Fifty-second avenue in the manner following:   There were constructed and placed near the roadway as aforesaid of said street, foundations of stone, cement and masonry of a depth of twelve feet, the base thereof being eight feet square and the top being two feet square; through said foundations were placed rods of iron and on the top thereof and fastened to and with said rods were placed caps of iron or steel, and in the said caps were sockets within which to place or drop the posts hereinafter described, the tops of which said caps were so placed on said foundations even or flush with the top of said pavement of said street; that supported by said foundations there were placed in the sockets in said caps iron posts or columns having a width of fifteen inches longitudinally with said street, and of a thickness of twelve inches and a height of twenty feet above the grade of said street; that said columns and said foundations were placed at a distance of forty-five feet apart, the face of said columns being in some parts of said street thirteen feet from the curb line and in other parts on said curb line; that on top of each of said columns there was

Lake Street Elevated R. Co. v. Brooks.

placed a large piece of steel or iron called a cross-girder, which extended at right angles across said Lake street from each of said columns on one side to a column immediately opposite, and which said cross-girders were of a height of six feet and of a thickness of three-fourths of an inch of solid steel or iron, on the top and bottom of which said cross-girders and running the entire length thereof are attached pieces of iron or steel called cover plates, of a width of fourteen inches on the top thereof, and of a thickness of one inch; that to each of said cross-girders there are firmly riveted pieces of iron or steel, four in number, extending between each cross-girder and at right angles thereto, called longitudinal girders, said longitudinal girders being four and one-fourth feet in depth and of a thickness of three-eighths of an inch; that the front or face of the north longitudinal girder is a distance of twenty-six feet from the lot line, and there is a like distance from the south longitudinal girder to the lot line, making a clear space or distance between the lot line and the face of the longitudinal girder, unobstructed, of twenty-six feet; that the distance from each outside longitudinal girder to the first inside longitudinal girder is six feet, and the distance from the inside longitudinal girder to the opposite inside longitudinal girder is also six feet; that on the top of said longitudinal girders and fastened thereto are placed ties at right angles to said longitudinal girders six inches by eight inches, at a distance of two feet apart, upon which were placed the two railroad tracks of said defendant over which it operates its cars; that one of the posts or columns as aforesaid was placed in said street at a distance of twenty feet east of the east line of said fifty feet as aforesaid, and that another column was placed in said street at a distance of seventeen feet east of the west line of said fifty feet, said fifty feet fronting south on said Lake street; that the distance between Wabash avenue, which is east of said lot, to Fifty-second avenue, which is west of said lot, is about six and five-eighths miles, and that between said Wabash avenue and said Fifty-second avenue there were located twenty-

two stations of said railroad, and upon, along and over said structure and said railroad tracks, so constructed as aforesaid, the defendant has from thence hitherto constructed and carried on the business of a common carrier of pas-. sengers for hire, operating over said tracks trains of cars by electricity as the motive power; that said trains consist of a motor car, to which is attached during part of the day one passenger car, and during the rush hours every morning and late in the afternoon two or three passenger cars; that said trains of cars run at frequent intervals, nearly every two or three minutes during the entire day and until late at night, to wit, midnight; that said motor cars also carry passengers and have a seating capacity of forty-four persons, the said trailer cars having a seating capacity of forty-eight persons.

Avers that the defendants constructed said road under and by virtue of an ordinance passed by the city council of the city of Chicago, and duly accepted by said defendant in November, 1893; that said defendant was duly authorized to construct, maintain and operate said railroad in said street solely and only for the purpose of carrying passengers and for no other purpose, at the rate of five cents for each passenger for its entire length of road, to wit, six and five-eighths miles along and upon said Lake street.

By means of which the free and unobstructed means of ingress and egress to and from said premises of said plaintiff have been and are and will continue to be impaired and interfered with, and the plaintiff has been deprived of the use and benefit of the street in front of said premises, and by means of the premises the property of said plaintiff has been permanently damaged and depreciated in value by the wrongful acts of the defendant in interfering with ingress and egress to and from said premises in the construction of said railroad as aforesaid, and the said premises, property and buildings and improvements are and were made useless and of little value to the plaintiff, and the salable and rental value thereof lessened and reduced, and the plaintiff has been greatly damaged, hindered and annoyed in the

proper use and enjoyment of said premises, to the damage of the plaintiff of $10,000.

Second count alleges that at the time of the committing of the grievances hereinafter mentioned, plaintiff was and for a long time prior thereto had been and still is the owner of and possessed in fee simple of the same premises as set forth in the first count abutting upon West Lake street.

(Then follows the description of Lake street, together with the character of improvements abutting thereon and the length and route of said Lake street through the city of Chicago and west thereof, precisely as set forth in the first count.)

Alleges that prior to committing the grievances hereinafter mentioned by defendant, there was and ought to have been continued forever, free and uninterrupted light and air from said street in, to and upon said premises, and which said light and air to said premises were of great and special value to said premises, and a great element of value in said premises, and the plaintiff further alleges that she was legally entitled to have continued forever, free and uninterrupted light and air from said street in, to and upon said premises.

Yet the defendant, not regarding its duty in that behalf, and regardless of the rights of the plaintiff in the premises, and contriving and wrongfully intending to injure the plaintiff in the use, occupation and enjoyment of said building and premises, and the appurtenances thereto, and to render the same unfit for the purposes for which said premises were intended and for which they might be used, and while the plaintiff was so possessed thereof, and using the same in the manner aforesaid, did during the years 1892, 1893 and 1894, build a structure in, along and upon said street.

(Here follows the description of the elevated railroad structure precisely as in the first count set forth.)

Alleges that by means of the premises the light and air coming to and from said premises will be and are greatly obstructed and hindered, and the property of the plaintiff has been permanently damaged and depreciated in value by

said wrongful acts of the defendant in so interfering with the light and air coming to said premises by reason of the construction of said road as aforesaid, and its salable and rental value lessened and reduced, and by means thereof the premises, property, buildings and improvements of the plaintiff are and were made useless and of little value to the plaintiff, and the plaintiff has been greatly damaged, hindered and annoyed in the proper use and enjoyment of said premises.

The third count alleges that at the time of the committing of the grievances hereinafter mentioned, plaintiff was and for a long time prior thereto had been and still is the owner and possessed in fee simple of the same premises as set forth in the first count, abutting on West Lake street.

(Then follows the description of Lake street, together with the character of the improvements abutting thereon and the length and route of said street through the city of Chicago and west thereof.)

Alleges that prior to the committing of the grievances hereinafter mentioned by the defendant there was during the night but little noise and disturbance by means of the traffic on said street, and that she was entitled to and did obtain the necessary and required amount of rest and sleep, and said premises were free from any vibration and buzzing noise or other obnoxious sound arising other than from the ordinary traffic upon said street, all of which was of great and special value to said premises; and the plaintiff alleges that she was legally entitled to have said premises free from any noise and disturbance other than that arising from the usual and ordinary traffic upon said street in front of said premises, and was legally entitled to have the same free from any vibrations, buzzing noise, or other obnoxious sound, not arising from the ordinary and usual traffic upon said street.

Yet the defendant, not regarding its duty in that behalf, and regardless of the rights of the plaintiff, contriving and wrongfully intending to injure the plaintiff in the use, occupation and enjoyment of said building and premises,

with the appurtenances thereto, and to render the same unfit for the purposes for which said premises were intended and for which they might be used, and while the plaintiff was so possessed thereof and using the same in the manner aforesaid, did, during the years 1892, 1893 and 1894, build or cause to be built a structure in, along and upon said street.

(Here follows description of the elevated structure precisely as set forth in the first count.)

By means whereof the noise and disturbance and vibration of the said premises and the buildings situated thereon, are great and continued, and the operation of said railroad by electricity causes a continual buzzing and obnoxious sound, and the plaintiff and her tenants have not been able to obtain the necessary and required amount of rest and sleep, and thereby the peace, quiet and enjoyment of said premises have been greatly interfered with, and by reason thereof the property of the plaintiff has been permanently damaged and depreciated in value by the said wrongful acts of the defendant in the construction, maintenance and operation of said road as aforesaid, and said premises, property and buildings and improvements are and were made useless and of little value to the plaintiff and the salable and rental value thereof lessened and reduced, and the plaintiff has been greatly damaged, hindered and annoyed in the proper use and enjoyment of said premises.

March 2, 1900, the same day the declaration was filed, appellant demurred generally to each count, the court overruled the demurrer, and appellant electing to stand by its demurrer, gave judgment for the appellee, and assessed appellee's damages at the sum of $1,050.

KNIGHT & BROWN, attorneys for appellant.

A street railroad constructed upon the surface of the street is not an additional burden placed upon the street not contemplated by the original dedication thereof. C., B. & Q. R. R. v. W. C. St. R. R., 156 Ill. 255; P. C. C. R. R. v. W. C. St. R. R., 156 Ill. 385; Ranken v. St. L. & S. Ry.

Co., 98 Fed. Rep. 479; Rafferty v. C. T. Co., 147 Pa. St. 579; Williams v. Railroad, 41 Fed. Rep. 556; Elliott v. Ry. Co., 32 Conn. 579; Eichles v. Evansville Ry., 78 Ind. 261.

When a railroad company imposes no additional servitude on the street, an action for damages will not lie if the railroad is properly constructed and prudently operated. There must be negligence in these respects to warrant a recovery. C., B. & Q. Ry. v. W. C. St. R. R., 156 Ill. 255; Louisville S. Ry. v. Hooe, 18 Ky. Law Rep. 521; A. & C. Ry. v. Faulkner, 45 S. W. Rep. 235; Roebling v. T. P. Co., 58 N. J. Law, 666; Rafferty v. C. T. Co., 147 Pa. St. 579; T. & P. Ry. v. Rosedale, etc., Ry., 64 Tex. 80; S. A. Ry. v. Limberger, 88 Tex. 79; B. T. Co. v. B. R. Co., 24 So. Rep. 502.

The railroad company, not being an additional servitude upon the street, no action can be maintained for damages to ingress and egress to and from adjoining property or for obstruction to the light and air coming upon said property unless the railroad unnecessarily obstructs the street. Railroad v. Cumminsville, 14 Ohio St. 548.

There can be no recovery for the noise of passing trains arising from ordinary operation, or for any vibration caused by the prudent operation of a railroad lawfully upon a street. Roebling v. T. P. Co., 58 N. J. Law, 666; City v. Union Stock Yards, 164 Ill. 224; C., R. I. & P. Ry. v. Joliet, 79 Ill. 25; I. C. R. R. Co. v. Grabill, 50 Ill. 241.

The railroad company, not being an additional burden on the street, it follows as a matter of law that the owners of adjoining property have been fully compensated for the land taken for the street and that they have been paid all damages to their property for any use of the street originally contemplated, and this being so the appellee can not be allowed to recover. Elmore v. Drainage Com'rs, 135 Ill. 269; Telegraph Co. v. Eaton, 170 Ill. 519; Briggs v. Railroad, 79 Me. 363; Att'y Gen. v. Metropolitan R. R., 125 Mass. 515; Ransom v. St. Ry. Co., 104 Mo. 375.

Under the facts alleged in the declaration, therefore, if an injury resulted to the appellee by reason of the con-

struction, maintenance or operation of the railroad of appellant in West Lake street it is *damnum absque injuria.* Barrows v. City of Sycamore, 150 Ill. 589; The City of Quincy v. Bull, 106 Ill. 337.

W. E. Brown, attorney for appellee.

The easements which an abutting owner has in the street or highway is as much property as the land itself. Penn. Mut. Life Ins. Co. v. Heiss, 141 Ill. 61; Cincinnati, etc., Ry. Co. v. Cumminsville, 14 Ohio St. 523; Dill. Mun. Corp., Sec. 656a; 1 Rorer on Railroads, 523; Rigney v. City of Chicago, 102 Ill. 64.

It is wholly immaterial whether this structure creates a new or additional servitude on the street or not. The criterion is, has abutting property owner suffered special damage by reason of the construction of this improvement in the street for the benefit of the public? If special damage is shown, the defendant is liable, even if no additional servitude is created. If no special damage is shown, then the defendant is not liable even if another use is made of the street than was originally contemplated. Barrows v. City of Sycamore, 150 Ill. 588; Doane v. Lake St. El. R. R. Co., 165 Ill. 510; C., B. & Q. Ry. Co. v. W. C. St. R. R. Co., 156 Ill. 255.

The location in a public street, the fee of the same being in the abutting owner, of a commercial steam railroad, or of telegraph or telephone poles, or other structures which are not for the purpose of enabling the public to use the street as a thoroughfare and to facilitate travel thereon, will entitle the abutting owner to damages merely for the additional burden upon his fee without showing special injury. I. B. & W. R. R. Co. v. Hartley, 67 Ill. 444; Board of Trade Tel. Co. v. Barnett, 107 Ill. 507; Postal Tel. Co. v. Eaton, 170 Ill. 513; C., B. & Q. R. R. Co. v. W. C. St. R. R. Co., 156 Ill. 255.

Under the constitution of 1848 it was essential that there should be a direct physical injury to the *corpus* or subject of the property, such as overflowing it, casting

sparks or cinders upon it and the like, but this was equally actionable as was the direct taking of the property, and was within the meaning of the constitution a "taking" of property to the extent of the damages thereby occasioned. Nevins v. City of Peoria, 41 Ill. 502; Gillham v. Madison Co. R. R. Co., 49 Ill. 484; City of Aurora v. Gillett, 56 Ill. 132; City of Jacksonville v. Lambert, 62 Ill. 519; Toledo, Wab. & West. Ry. Co. v. Morrison, 71 Ill. 616; Hooker v. New Haven & N. Hamp. Co., 14 Conn. 146; Glover v. Powell, 2 Stockt. 211; Haynes v. Thomas, 7 Ind. 38; Pumpelly v. Green Bay Co., 13 Wall. 166.

Under the constitution of 1870, whether the fee is in the abutting owner or in the municipality, in either case where, under authority from the city, the grade is changed, a viaduct is erected, a steam commercial railroad is located, a street railway is built, or any other public improvement is made under municipal authority, the grant of which is within the terms of its charter from the legislature, under either general or special law, the corporation making such improvement is liable to the abutting owner for such special damages as he may sustain. Rigney v. City of Chicago, 102 Ill. 64; Doane v. Lake St. El. R. R. Co., 165 Ill. 510; Beckitt v. Midland Ry. Co., L. R., 1 C. P. 241; Chamberlain v. West End London Ry. Co., 2 Best & Smith, 605; 110 E. C. L. R. 604; McCartney v. Met. Bd. of Works, L. R., 7 C. P. 508; Hall v. Mayor of Bristol, L. R., 2 C. P. 322; E. & W. India Dock Co. v. Gattke, 3 McN. & G. 155.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The demurrer was a single pleading, but is expressed to be to each count, which is the same, in effect, as if a separate demurrer had been filed to each count. Sanford v. Gaddis, 13 Ill. 329.

The question on this appeal is, whether each count of the declaration is legally sufficient. The court having overruled a demurrer to each count, if any count is insufficient in substance, the judgment can not be sustained, because in

such case we can not know that damages were not assessed on the insufficient count.   Backus v. Richardson, 5 Johns. 476; Kingsley v. Bill et al., 9 Mass. 198.

The gist of the first count is the alleged obstruction of ingress and egress to and from the appellee's premises, by reason of which it is alleged that she has been deprived of the use and benefit of the street in front of her premises.   The declaration contains a minute description of the structure, which is binding on appellee.   By that description, the foundations, on which are placed the upright columns which support the cross-girders, are even with the surface of the pavement.   The columns are forty-five feet apart, being in some places thirteen feet from the curb line, and in other places on the curb line.   One of the columns is twenty feet east of the east line of appellee's premises, and another seventeen feet east of the west line of her premises.   The front or face of the north longitudinal girder is a distance of twenty-six feet from the lot line, and there is a like distance from the south longitudinal girder to the lot line, " making a clear space or distance between the lot line and the face of the longitudinal girder, unobstructed, of twenty-six feet." It also appears by the description that the columns are twenty feet in height, so that the superstructure supported by them is twenty feet above the surface of the street.   It also appears by the description that only one of the columns, namely, that which is seventeen feet east of the west line of appellee's premises, is in front of the premises, the column being twenty feet in height, fifteen inches in width and twelve inches in thickness.   It is averred in each count of the declaration that Lake street is eighty feet in width. In Rigney v. City of Chicago, 102 Ill. 80, the court say :

" While it is clear that the present constitution was intended to afford redress in a certain class of cases, for which there was no remedy under the old constitution, yet we think it equally clear that it was not intended to reach every possible injury that might be occasioned by a public improvement.   There are certain injuries which are necessarily incident to the owners of property in towns or cities which directly impair the value of private property, for

which the law does not and never has afforded any relief. For instance, the building of a jail, police station, or the like, will generally cause a direct depreciation in the value of neighboring property, yet that is clearly a case of *damnum absque injuria.* So as to an obstruction in a public street; if it does not practically affect the use or enjoyment of neighboring property, and thereby impair its value, no action will lie." Ib. 80.

In Louisville S. R. R. Co. v. Hooe, 18 Ky. Law Reporter, 521, decided by the Kentucky Court of Appeals, damages were claimed by the plaintiff for the alleged obstruction of his right of ingress and egress, by a street railroad. The court say :

" As we have seen, one of the elements of damages submitted by the instructions was the obstruction of appellee's passage to and from her property, and yet when we look to the proof we find that the rails of the track are level with the street and not nearer to the property than some thirty· or forty feet, and from the walls of the house to the pavement the distance is about eight feet, leaving from twenty to thirty feet for pavement and street. Within this space it is manifest from the proof there is plenty of room for vehicles to pass without any inconvenience, without even crossing the track or touching the rails. There is, however, no such obstruction here as authorizes recovery. On this question the authorities are uniform and conclusive." * * * " The obstruction must consist of a substantial interference with the use of the property."

The question presented is precisely the same as if the cause had been tried on the general issue, and appellee had put in evidence the description of the elevated structure contained in her declaration. In that case, as in this, the question would have been, whether the structure, as described, practically or materially interfered with appellee's access to or egress from her premises by means of the street. We are of opinion that reasonable minds can not reasonably differ in regard to that question; that the only reasonable conclusion is, that appellee's right of ingress and egress is not materially interfered with by the structure; that the structure, in so far as access to and egress from her premises is concerned, does not practically affect the use or en-

joyment of her property.  It is averred in each count of
the declaration that appellant constructed the road under
and by virtue of an ordinance of the city of Chicago.

We are of opinion that the first count does not state a
cause of action, and that the demurrer to it should have
been sustained.

It is alleged in the second count, that by reason of the struct-
ure the light and air are and will be greatly hindered and
obstructed from the premises, in consequence of which the
premises have been permanently damaged.  It can not be
known merely from the description of the structure and the
operation thereon of appellant's trains of cars, as alleged in
the count, whether or not the light is or will be materially
excluded from the premises by the structure and the opera-
tion of the train.   The determination of this question must
depend on evidence, and we think the count sufficient, and
that the demurrer thereto was properly overruled.

The gist of the third count is contained in the following
allegations :

" By means whereof the noise and disturbance and vibra-
tion of said premises and the building situated thereon are
great and continued, and the operation of said railroad by
electricity causes a continual buzzing and obnoxious sound,
and the plaintiff and her tenants have not been able to
obtain the necessary and required amount of rest and sleep,
and thereby the peace, quiet and enjoyment of said premises
have been greatly interfered with, and by reason thereof,
the property of the plaintiff has been permanently damaged
and depreciated in value by the said wrongful acts of the
defendant in the construction, maintenance and operation
of said road as aforesaid," etc.

In Louisville S. R. R. Co. v. Hooe, *supra*, cited by appel-
lant's counsel, which appears to have been carefully consid-
ered by the Kentucky court, the court say :

" The testimony of the appellee, though not supported
by other testimony, is ' that the trains shook her windows
and caused the plastering to drop off in many places,' and
if so, she may recover special damages therefor.  Such is
not the ordinary result of running trains along the streets
of towns and cities.  If it were, there could be no such

railroads operated without constant outlays for repairs to adjacent buildings."

On petition for a rehearing, the court say:

" What we meant to decide in this case, and we attempted so to express ourselves in the original opinion, is, that from the proof then before us there had been no substantial and, therefore, no actionable interference with the appellee's ingress and egress to and from her property, as such interference is required to exist before recovery can be had under the numerous decisions of this court; that this was also true as to smoke and noise from the trains. These, in the form they appeared to exist from the proof, were incidents of city life, and not substantial injuries. There is proof, however, of special damage to the plastering, etc., of the appellee's house. Upon these principles the court below, upon a retrial of the case, will conform the instructions to suit the proof that may be offered."

The Kentucky court clearly held that there might be a recovery for vibration caused by the operation of the road, resulting in special damage to the plaintiff's premises. Appellant's counsel cite, to the contrary, Roebling v. Trenton Pass. Ry. Co., 58 N. J. L. 666, which was an action by an owner of property abutting on the street, against the street car company, which latter was authorized by ordinance to construct its tracks in the street, and operate its cars by electricity. The court say:

" The injuries by vibration caused by the weight of the cars of the company, combined with the speed at which they were run, belong to the same class of injuries as that which may arise from the setting of the poles. The owner of land abutting upon a street holds his title subject to the inconvenience and injurious consequences, including those occasioned by noise and vibrations, resulting from a user which is consistent with the legitimate and proper use to which these public thoroughfares are devoted."

We can not avoid the conclusion that, in view of the constitutional provision, " Private property shall not be taken or damaged for public use without just compensation," as construed by the Supreme Court, any unusual vibration of a building fronting on a public street, by the operation of a railroad in the street, which causes sub-

stantial damage to the property, so that its market value is thereby decreased, is actionable. In the present case it is alleged that the vibration is great and continued, and that by reason of this and other causes mentioned, appellee's property has been permanently damaged and depreciated in value.

Whether any unusual vibration is caused by the operation of appellant's trains, resulting in special damage to appellee's premises, is a question to be determined from evidence.

We are of opinion that the court properly overruled the demurrer to the third count of the declaration.

For the error in overruling the demurrer to the first count, the judgment will be reversed and the cause remanded.