## John W. Neal, Appellant, v. Fletcher G. Burch, Appellee.

LIBEL AND SLANDER, § 100*—*when declaration avers defamation actionable per se.* In an action for slander, a declaration charging that defendant spoke and published concerning plaintiff that he with others had sworn to a lie, had sworn falsely and that affidavit is false, *held,* to aver language actionable *per se* under R. S. c. 126, J. & A. ¶ 10576, without averring that the statements were made of and concerning any judicial proceeding or of and concerning any action, time or place or regarding any matter which required that an affidavit should be made by the plaintiff.

Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the April term, 1913. Reversed and remanded with directions. Opinion filed October 16, 1913.

WILLIAM N. HAIRGROVE, for appellant.

M. T. LAYMAN, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action for slander brought by the plaintiff

against the defendant.    The declaration charges that the defendant made, spoke and published of and concerning the plaintiff certain false, slanderous, malicious and defamatory words, as follows:

"They (meaning the plaintiff) have sworn to a lie. They (meaning plaintiff as well as others) have sworn falsely.    This affidavit (meaning the affidavit signed and sworn to by plaintiff) is false. He (meaning plaintiff as well as others) has sworn to a lie."

meaning and intending thereby that in making a certain affidavit the plaintiff had sworn falsely, also that plaintiff had perjured himself, he had sworn to a lie.   The affidavit in which this matter is alleged to have been made was presented to the city counsel of the city of Waverly, Illinois, regarding a pavement in that city. Defendant demurred to the declaration, and the demurrer was sustained by the court.   Plaintiff elected to stand by his declaration, and judgment was entered thereon, in bar of action and for costs.   Plaintiff prosecutes this appeal.

The only question raised by this appeal is the sufficiency of the declaration.

While at common law the language averred in this declaration was not actionable *per se,* the statute of this State upon slander and libel (Chapter 126, Hurd's Revised Statutes, J. & A. ¶ 10576) is as follows:

"It shall be deemed slander and shall be actionable to charge any person with swearing falsely or with having sworn falsely or having used, uttered or published words of, to or concerning any person which in their common acceptation amount to such charge, whether the words be spoken in conversation of and concerning a judicial proceeding or not."

Under this statute it was not necessary to charge that the statements were made of and concerning any judicial proceeding or of and concerning any action, time or place or regarding any matter which required that an affidavit should be made by the plaintiff; the statute makes the uttering and publishing of the language

averred in this declaration actionable *per se*. *Sanford v. Gaddis*, 13 Ill. 329. The demurrer admits the uttering and publishing of the words as alleged in the declaration. The declaration is sufficient to require defendants to plead thereto, and it was error for the court to sustain the demurrer, and by reason of the error of the court the judgment is reversed and the cause remanded with directions to the trial court to overrule the demurrer.

*Reversed and remanded with directions.*