## Rockford Metal Specialty Company, Appellant, v. John Wester, Appellee.

### Gen. No. 7,322.

1. PLEADING—*effect of single demurrer to declaration as whole and each count thereof.* Though a demurrer is a single pleading, when it is made to the declaration as a whole and to each count thereof, its effect is the same as if a separate demurrer had been filed to each count and may be sustained as to one and overruled as to others.

2. PLEADING—*filing amended declaration as waiver of objections to demurrer.* If an amended declaration is filed after a demurrer is sustained, all objections are waived and error cannot be assigned on the demurrer.

3. CORPORATIONS—*sufficiency of demand as prerequisite to action on stock subscription.* Before suit may be brought upon a subscription to the capital stock of a corporation, when no time is fixed for its payment, there must be a demand for payment based upon proper action by the board of directors, a demand by the president of the corporation and by an attorney employed by it being insufficient.

4. PLEADING—*effect of verified plea of general issue in action on stock subscription.* In an action upon a subscription for corporation stock where defendant filed the general issue under oath, plaintiff had the burden of proving that the directors had fixed the time of payment and that proper demand for payment had been made, and it was unnecessary for defendant to negative such matters in his affidavit of defense.

Appeal by plaintiff from the Circuit Court of Winnebago county; the Hon. EDWARD D. SHURTLEFF, Judge, presiding. Heard in this court at the April term, 1924. Affirmed. Opinion filed July 24, 1924. Rehearing denied October 8, 1924.

GARRETT, MAYNARD & HULL, for appellant.

CHARLES W. FERGUSON and N. P. NELSON, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Appellant, Rockford Metal Specialty Company, a corporation, began suit in the circuit court of Winnebago county against appellee, John Wester, to recover a $5,000 subscription to its increased capital stock. The declaration consisted of the common counts and a special count. There was a demurrer to the declaration and each count thereof. It was overruled as to the common counts and sustained as to the special count. Leave was granted appellant to file an amended declaration. The amended declaration contained the common counts and a special count which were sworn to. The appellee filed the general issue and two special pleas. The first special plea was that the promise set out in the declaration was without

consideration. The second was that appellee did not make and deliver the writing mentioned in the declaration. Appellee filed an affidavit of meritorious defense, first, that there was no consideration for the promise set out in the declaration; second, that appellee did not sign the paper in manner and form as set out in the declaration; third, that the capital stock was not fully subscribed, and that no call for payment had been made on all of the other subscribers to the stock; fourth, that the capital stock was not duly and legally increased and fifth, that appellee never purchased the stock. A jury was waived, the court found for appellee, the suit was dismissed, and this appeal followed.

The subscription is as follows: "We, the undersigned, hereby severally subscribe for the number of shares set opposite our respective names, to the increase in the capital stock of the Rockford Metal Specialty Company, and we severally agree to pay the said company for each share the sum of $100 on demand." Then followed the name of appellee for fifty shares amounting to $5,000, together with seven other subscribers, making a total subscription of $32,000. The evidence shows that appellant was a going corporation, and the stock was to be increased from $30,000 to $100,000 and subscriptions were taken from eight different people amounting to $32,000. All of the subscribers paid their subscriptions except three. The increase was legally voted by the stockholders and properly filed for record in the county. Arvid Anderson, the president of the company, testified that he procured the signature of appellee and saw him sign the paper. He talked with appellee about payment several times and appellee told him he would pay but was short of money. After this subscription was taken appellant increased its facilities for doing business, moved into larger quarters, spent a large sum of money for the new quarters,

made new tools and dies, got up a catalogue, and notified appellee both by mail and verbally that they were making these improvements, and appellee promised to pay, but stated he needed a little more time. He never denied his signature nor refused to pay for the stock until suit was started. Appellee attended several meetings of the subscribers, together with the directors and stockholders, discussed the affairs of the corporation, and while he was elected a director he never qualified as such. The certificates were tendered to him and he again promised to pay but asked for more time. A year after the subscription had been made it was turned over to attorneys for collection and they wrote to appellee and asked him to call at the office, which he did, and he then promised to pay but wanted more time. Appellee testified that Anderson, the president, solicited him to sign the subscription, telling him that under the new increase of the capital stock to $100,000, they contemplated getting into a new building in the southeast end, and they intended to increase the stock to $100,000 and if they did not get that amount there would be nothing to the signature. He testified that after the increase was made he talked to Ekstrom and Faust, two of the other subscribers, and told them the reason he did not want to pay was because it was not according to the agreement with Anderson that he would build a factory in the southeast end, but he told them if they would cut down their subscriptions to $2,500 instead of $5,000, he would do the same.

It is first insisted that the court improperly sustained the demurrer to the original declaration. In support of this contention it is insisted that the demurrer was general, was interposed to the entire declaration, was sustained to the special count and overruled as to the common counts; that the demurrer being general, was not good as to the common counts and should have been overruled as to all of the counts

for the reason that the common counts could only be reached by a special demurrer. In support of this contention *Nickerson v. Sheldon,* 33 Ill. 372, is cited. The record shows that the demurrer was to the declaration and each count thereof. A demurrer is a single pleading but when it is to each count it is the same as if a separate demurrer had been filed to each count (*Sanford v. Gaddis,* 13 Ill. 329; *Lake Street El. R. Co. v. Brooks,* 90 Ill. App. 173). For this reason the demurrer was properly sustained to one and overruled as to the other. Even if the demurrer should have been overruled the appellant is in no position to take advantage of the error. After the court ruled on the demurrer, appellant asked leave not to amend the declaration, but to file an amended declaration, and this leave was granted and an amended declaration was filed. If an amended declaration is filed after a demurrer is sustained, all objections are waived, and error cannot be assigned on the demurrer. (*People v. Core,* 85 Ill. 248; *Foster v. Adler,* 84 Ill. App. 654.) Appellant contends that the order to file an amended declaration was a misnomer and that the declaration was in fact only amended. We cannot determine what appellant intended to do, we are only concerned with what it did do. We hold that appellant is in no position to question the ruling on the demurrer. Appellant next contends that appellee proved none of the five defenses set up in his affidavit of defense; that the court erred in admitting the evidence of Peterson and Landstrom; that the judgment is against the weight of the evidence and the law relative thereto; that to let the judgment stand would be to allow appellee to perpetrate a fraud upon the other subscribers and upon the public.

We do not deem it necessary to consider each of these questions in detail for the reason that the judgment will have to be sustained for other reasons. The

subscription which appellee signed provided that the amount subscribed should be payable upon demand. Section 32, ch. 32, Cahill's Ill. St. 1921, p. 899, provides: "The subscriptions for shares of stock may be payable in such installments and at such time or times as shall be determined by the directors. Any assessment or installment required to be paid shall be levied pro rata upon all shares of such stock of the same class. An action may be maintained in the name of the corporation to recover any portion of an installment which shall remain due and unpaid for a period of twenty days after personal demand therefor, or for a like period after a written demand has been deposited in the postoffice, properly addressed to the last known postoffice address of the stockholder." It has been held in many cases that before suit can be brought upon a subscription to the capital stock of a corporation where no time is fixed for its payment, there must be a demand for the payment. This demand can only be based upon proper action by the board of directors of the corporation, they being the only authorized body, under the law, having the right to fix the time of payment. A demand for payment by an officer of the corporation, or by some private individual, without such action by the board of directors, is not sufficient. *Banet v. Alton & S. R. Co.,* 13 Ill. 504; *Spangler v. Indiana & I. Cent. Ry. Co.,* 21 Ill. 276; *Wear v. Jacksonville & S. R. Co.,* 24 Ill. 593; *Chase v. Sycamore & C. R. Co.,* 38 Ill. 215; *Lamar Ins. Co. v. Moore,* 84 Ill. 575; *Great Western Tel. Co. v. Barker,* 56 Ill. App. 402, aff'd 166 Ill. 150; *Great Western Tel. Co. v. Gray,* 122 Ill. 631. Under section 32 of the statute, suit cannot be commenced until after the expiration of twenty days from the date of the demand. The evidence shows a demand was made by Anderson, the president of appellant, and by an attorney employed by appellant, but there is no evidence of any resolution by the corporation

fixing the time of payment, or of any demand after such time was fixed, or that twenty days elapsed between the demand and the commencement of the suit. On account of this failure to comply with the statute, the suit was prematurely brought and the court properly dismissed it.

It is insisted that appellee's defense was limited to the matters set out in his affidavit of defense and that under his affidavit he is not in a position to insist that no demand was made as provided by the statute and by the terms of his subscription. We recognize the rule that appellee, so far as his defense is concerned, is limited to the defenses set out in his affidavit, but this does not excuse appellant in the first instance from proving all the facts necessary to entitle it to recover. The appellee filed the general issue which was under oath. By filing the general issue the burden was cast upon appellant to prove all the facts and circumstances necessary to justify a recovery. One of the necessary elements to justify a recovery was proof that the board of directors had fixed the time of payment, that a demand had been made as provided in the statute, and that twenty days had elapsed between the making of the demand and the commencement of the suit. This proof was a part of appellant's case in chief. In *Manufacturers State Bank v. American Surety Co.,* 230 Ill. App. 474, this court fully considered the effect of an affidavit of merits attached to a declaration and an affidavit of defense, and we held that where the general issue was filed under oath, the plaintiff was bound to prove his case, in chief, as alleged in his declaration, and if he failed to do so he could not recover.

For the reasons indicated the judgment will be affirmed.

*Judgment affirmed.*